WILBUR KROPF, Respondent, *v.* SILAS KING, Appellant.

Second Department, July 15, 1968.

*Henry Wolfman* (*Nathan Cyperstein* of counsel), for appellant.

*Halpern & Brown* (*Steven Rubenstein* of counsel), for respondent.

BENJAMIN, J. This is an action to recover damages for personal injuries sustained on May 16, 1964 as a result of the alleged negligence of the defendant in the operation of an automobile. The plaintiff, a New York resident, sues to recover for personal injuries sustained when his automobile collided with the defendant's car in Kings County. The police accident report indicated that the defendant's address was "222 New York Avenue, Westbury, N. Y." All attempts to serve the summons and complaint at the address were futile, because the defendant did not live there. The Motor Vehicle Department records indicated that the defendant's address was "222 East New York Avenue, Brooklyn, N. Y." The Motor Vehicle Department advised the plaintiff's attorney that Cosmopolitan Mutual Insurance Company was the defendant's insurer on the date of the accident. Cosmopolitan admitted this by letter dated November 5, 1965. All attempts to serve the defendant at 222 East New York Avenue, Brooklyn, New York, were futile. The plaintiff's attorney was told by Cosmopolitan that "they have received no cooperation from the defendant and do not know of his whereabouts." The plaintiff's attorney stated that the Statute of Limitations was running to bar the action. If Cosmopolitan disclaimed on its policy of insurance, then the plaintiff would have a right to file with the Motor Vehicle Accident Indemnification Corporation (MVAIC). Until there was a disclaimer by Cosmopolitan, the plaintiff was precluded from doing so. MVAIC had already refused to accept service on the ground that there was insurance in effect.

On these facts, the Civil Court of the City of New York, Kings County, concluding that the defendant could not be served with process by any of the methods prescribed in subdivisions 1, 2 and 3 of CPLR 308, entered an order, pursuant to subdivision 4 of that section on notice to Cosmopolitan, directing that service be made (1) on the Cosmopolitan Mutual Insurance Company; (2) on its attorney (who negotiated settlement); (3) upon the Department of Motor Vehicles; and (4) on the defendant at his last known address by ordinary, certified or registered

mail. The defendant appealed to the Appellate Term, which affirmed the order of the Civil Court. This court granted the defendant leave to appeal.

The appellant contends that the mode of service is improper because service upon Cosmopolitan and its attorney does not give any notice to the defendant of the pendency of the action and that the mode of service violated the requirements of due process. We find no merit in either of these contentions.

The Court of Appeals in *Dobkin* v. *Chapman* (21 N Y 2d 490), in its opinion affirming three appeals from this Department (*Dobkin* v. *Chapman*, 25 A D 2d 745; *Sellars* v. *Raye*, 25 A D 2d 757; *Keller* v. *Rappoport*, 28 A D 2d 560) determined that service of process on defendants whose whereabouts were unknown, by the methods directed by the court (similar to the methods employed in the case at bar), was authorized by subdivision 4 of CPLR 308 and that such methods satisfied due process requirements.

The Court of Appeals pointed out that the method of service directed under subdivision 4 of CPLR 308 would occasionally result in failure to bring actual notice to defendants. Chief Judge FULD in *Dobkin* v. *Chapman* (*supra*), stated that the real party in interest is not the defendant, but the insurer. It was therefore appropriate that service be made on the defendant by service on his insurer, in addition to any other methods directed by the court which meet the standards of *Dobkin* v. *Chapman* (*supra*).

The order of the Appellate Term should be affirmed, with $10 costs and disbursements.

BRENNAN, Acting P. J., RABIN, HOPKINS and MUNDER, JJ., concur.

Order of the Appellate Term, Second Judicial Department, dated September 22, 1967, affirmed, with $10 costs and disbursements.