## FOURTH DEPARTMENT, FEBRUARY, 1976

### (February 13, 1976)

■ RICHARD L. BARNER, Respondent v GERRY R. SHOOK, Appellant.— Order unanimously affirmed, with costs. Memorandum: In this personal injuries action defendant appeals from an order of Special Term which granted plaintiff's motion to increase the *ad damnum* clause from the sum of $75,000 to $250,000. A bill of particulars was served by plaintiff on January 12, 1973; a supplemental bill was served on December 18, 1973 and a further bill was served on February 27, 1975, all of them containing language which, fairly construed, alerted the defendant to the likelihood of a demand for increased damages. CPLR 3025 (subd [b]) provides: "(b) * * * A party may amend his pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, *at any time by leave of court * * * Leave shall be freely given upon such terms as may be just"* (emphasis supplied). Because of the contents of the bill of particulars and the fact that this motion was made approximately one month before the date of trial, together with the failure of the defendant to show any prejudice, Special Term did not abuse its discretion in granting the motion. (See *Yerdon v Baldwinsville Academy,* 39 AD2d 824; *Kerlin v Green,* 36 AD2d 892; *Smith v University of Rochester Med. Center,* 32 AD2d 736.) (Appeal from order of Onondaga Supreme Court in automobile negligence action.) Present—Marsh, P. J., Moule, Mahoney, Dillon and Witmer, JJ.

■ EMPIRE RECYCLING CORPORATION, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 54823.)—Judgment unanimously affirmed, with costs, upon the findings and conclusions at Trial Term, DeIorio, J. We find no error in the court's analysis of the evidence, and the findings were well within the range of the credible testimony. (Appeal from judgment of Court of Claims in claim for damages for permanent appropriation.) Present— Marsh, P. J., Moule, Mahoney, Dillon and Witmer, JJ.