## (September 29, 1978)

■ SUSAN DRECHSEL as Administratrix of the Estate of GILBERT STEPHENS, Deceased, Appellant, v LOBLAW, INC., Respondent. (Appeal No. 1.)— Judgment unanimously reversed, without costs, and new trial granted upon the stipulation of counsel entered into in open court. Same memorandum as in *Stephens v Loblaw, Inc.,* 64 AD2d 1022). (Appeal from judgment of Erie Supreme Court—negligence.) Present—Moule, J. P., Cardamone, Dillon, Hancock, Jr., and Schnepp, JJ.

■ SUSAN DRECHSEL as Administratrix of the Estate of GILBERT STEPHENS, Deceased, Appellant, v LOBLAW, INC., Respondent. (Appeal No. 2.)— Order unanimously reversed, with costs, and motion granted. Memorandum: The original plaintiffs, Gilbert Stephens (now deceased) and his wife, Katherine Stephens, appeal from an order at Special Term of Erie County, which denied plaintiffs' motion to allow the service of an amended complaint increasing the *ad damnum* clause, and from a judgment at Trial Term of the same court which granted defendant Loblaw, Inc.'s motion to dismiss plaintiffs' complaint at the close of plaintiffs' case at trial. Upon oral argument defendant-respondent Loblaw concedes that the motion to dismiss at the close of plaintiffs' case was improperly granted. Accordingly, the judgment should be reversed and a new trial granted. There remains, however, the appeal from the order which denied plaintiffs' motion to increase the *ad damnum* clause. Since the entry of the orders appealed from, plaintiff Gilbert Stephens has died. Susan Drechsel, as administratrix of the estate of Gilbert Stephens, deceased, was substituted as the party plaintiff in Gilbert Stephens' stead and Katherine Stephens was deleted as a party in the action and her cause of action discontinued. By timely service of summons and complaint plaintiff, Gilbert Stephens, initiated this action for $25,000 in damages against defendant, Loblaw, Inc., arising out of an alleged fall from a ladder suffered on November 4, 1970 by plaintiff at defendant's warehouse. Defendant Loblaw promptly denied all the actionable allegations contained in the complaint. In his bill of particulars verified on November 6, 1972, plaintiff Gilbert particularized medical expenses and lost wages well within the $25,000 limit of his *ad damnum* clause. In his original bill of particulars plaintiff claimed lumbar and sacral back injuries which were detailed and included a claim for permanent partial disability. Plaintiff moved on July 28, 1976 for permission to serve an amended

complaint and an amended bill of particulars to increase the *ad damnum* clause from $25,000 for Gilbert and $5,000 for Katherine to $350,000 for Gilbert and $20,000 for Katherine. The proposed amended bill of particulars, however, particularized medical expenses and lost wages below the original $25,000 claim for damages, although now plaintiff Gilbert claimed 44 weeks' lost work. Among the exhibits attached to the supporting affidavits were six reports by plaintiff's various attending physicians from November 9, 1970 to January 13, 1976, all of which acknowledged the plaintiff's continuing pain and/or disability. A motion to amend an *ad damnum* clause is one for which leave should be freely given absent prejudice or surprise resulting directly from the delay (CPLR 3025, subd [b]; *Fahey v County of Ontario,* 44 NY2d 934). Here the medical information which serves as the basis for the application to increase has been freely available to defendant throughout these proceedings. Thus, there can be no real claim of prejudice or surprise. Although the motion in this case was made one month from the date set for trial, the original bill of particulars gave notice to defendant that plaintiff was claiming permanent injuries which could limit him to lifetime light duty work. Under these circumstances, to deny plaintiff leave to increase his *ad damnum* clause was an improvident exercise of discretion (see *Barner v Shook,* 51 AD2d 855; *Finn v Crystal Beach Tr. Co.,* 55 AD2d 1001; *Wesley v Bingel,* 55 AD2d 1010; *Kerlin v Green,* 36 AD2d 892). (Appeal from order of Erie Supreme Court—amend complaint.) Present—Moule, J. P., Cardamone, Dillon, Hancock, Jr., and Schnepp, JJ.