"superior to other available methods for the fair and efficient adjudication of the controversy" (CPLR 901, subd [a], par 5) (see *Rosenfeld v Robins Co., supra; Kanon v Brookdale Med. Center Hosp., supra*). We see no merit in plaintiffs' contention that the motion to dismiss under CPLR 3211 (subd [a], par 7) was improper. While a decision as to the propriety of the class would ordinarily follow a motion and a hearing under CPLR 902, we find no fault with the procedure followed where, as here, it appears conclusively from the complaint and from the affidavits that there was as a matter of law no basis for class action relief. (Appeal from order of Erie Supreme Court—class action.) Present—Moule, J. P., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.

■ WALTER FEY, as Administrator of the Estate of ROBERT A. FEY, Deceased, Respondent, v EDWARD J. STENGLE et al., Appellants, et al., Defendants. (Appeal No. 1.)—Order unanimously reversed, with costs, and matter remitted to Special Term, Monroe County, for further proceedings in accordance with the following memorandum: By a notice of award against defendant Kings Moving and Storage, Inc. (Kings), the Workers' Compensation Board closed a case arising out of an accident involving a truck owned by Kings in which plaintiff's decedent was a passenger. The award directed King to pay $1,500 to the Uninsured Employers' Fund under section 26-a of the Workers' Compensation Law and $1,000 to the Vocational Rehabilitation Fund under subdivision 9 of section 15 of the Workers' Compensation Law. On the notice of award was the notation: "Decision: Closed. Accident. Notice and causal relation established to death. Find no dependency." Such a decision constituted a finding that the accident arose from decedent's employment with Kings (*O'Rourke v Long,* 41 NY2d 219, 227; *Matter of Coe v House Inside,* 29 NY2d 241, 243-244; *Velasquez v Pine Grove Resort Ranch,* 61 AD2d 1102, app dsmd 44 NY2d 949). Inasmuch as the award of the Workers' Compensation Board was made after Special Term's denial of a motion for summary judgment made by Kings and the driver of its truck, defendant Stengle, their motion to renew should have been granted. Once employment is established subdivision 6 of section 29 of the Workers' Compensation Law provides that benefits under workers' compensation are the exclusive remedy of an employee or his dependents. Section 11 of the Workers' Compensation Law, however, allows an employee to elect to maintain an action if the employer failed properly to secure the payment of compensation. An award to pay into the Uninsured Employers' Fund can be made in cases where there is no person entitled to compensation as well as where the employer failed to secure proper insurance (Workers' Compensation Law, § 26-a). Since the board's award in this case does not show upon which basis the award was made, plaintiff should be allowed to amend his complaint within 20 days of the order entered herein to allege, pursuant to section 11 of the Workers' Compensation Law, failure to secure compensation for injured employees. In the event that the facts are not such that plaintiff may so amend his complaint, summary judgment should be granted to defendants Kings and Stengle. (Appeal from order of Monroe Supreme Court—summary judgment.) Present—Moule, J. P., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.

■ WALTER FEY, as Administrator of the Estate of ROBERT A. FEY, Deceased, Respondent, v EDWARD J. STENGLE et al., Appellants, et al., Defendants. (Appeal No. 2.)—Order unanimously reversed and motion for leave to renew granted. Same memorandum as in *Fey v Stengle* (67 AD2d 831). (Appeal from order of Monroe Supreme Court—summary judgment—

renewal.) Present—Moule, J. P., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.

■ JEANNINE DE CAPUA, an Infant, by Her Parent and Natural Guardian, HOPE SCHLESING, et al., Respondents, v JOHN MORRISSEY, Appellant.— Order unanimously reversed, without costs, and motion granted for the reasons and upon the conditions set forth in the following memorandum: Defendant appeals from an order denying his motion to vacate a default judgment taken against him in an action arising out of an accident which occurred at defendant's residence resulting in injuries to the infant plaintiff. On a prior appeal in this action we reversed an earlier order of Supreme Court, Monroe County, vacating a default judgment stating that "defendant's attempt to establish lack of personal jurisdiction falls far short of the showing necessary" and that "Defendant's bare statement that he did not receive and was not served with a summons and complaint is insufficient to contest jurisdiction and 'does not rise to the status of excusable default since he does not contend that the method of substituted service was not proper' " (De Capua v Morrissey, 60 AD2d 754). In the moving papers on his renewal motion to vacate before Special Term defendant included uncontradicted proof (in affidavits of the process server and of the defendant which were not before the court on the original application) to the effect that the dwelling house to which the process server had affixed a copy of the summons and complaint and to which he had mailed the summons and complaint (see CPLR 308, subd 4) was not at the time the place where defendant resided. It thus appears that the service was invalid and in personam jurisdiction was never obtained over defendant. Defendant, however, seeks, rather than a dismissal of the action on jurisdictional grounds, a vacatur of the default and leave to interpose an answer on the merits. In his brief and on the argument defendant stated that in the event that the default were opened because of a defect in the service he would waive any defense of the Statute of Limitations that he otherwise might have. In the exercise of our discretion and in the interest of justice, defendant's renewed motion on the additional papers is deemed to have been made as a motion to renew in this court (see Weinstein v Kiamesha Concord, 29 AD2d 878). The application should be granted upon the conditions that (1) defendant submit to the court's jurisdiction by filing his answer within 10 days from the date of the order herein, and (2) that the answer omit any defense of the Statute of Limitations and that any such defense in this action be deemed in all respects waived. In the event of defendant's failure to comply with these conditions the order is affirmed. (Appeal from order of Monroe Supreme Court—default judgment.) Present—Moule, J. P., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.

■ PHILIP ADAMS et al., Respondents, v NATIONAL CAR RENTAL SYSTEMS, INC., et al., Appellants.—Order unanimously affirmed, with costs. (See Finn v Crystal Beach Tr. Co., 55 AD2d 1001; Barner v Shook, 51 AD2d 855.) (Appeal from order of Monroe Supreme Court—amended complaint.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Doerr, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT FERGE, Appellant.—Judgment unanimously affirmed; assigned counsel's request to withdraw granted in accordance with Anders v California (386 US 738). (See People v Miller, 64 AD2d 1030.) (Appeal from judgment of Monroe Supreme Court—attempted criminal possession of weapon, third degree.) Present—Simons, J. P., Hancock, Jr., Schnepp, Witmer and Moule, JJ.

■ PERINTON ASSOCIATES, Appellant, v HEICKLEN FARMS, INC., et al.,