■ CHARLES ZIMMERMAN, Respondent, v MITCHELL H. ELSNER, Appellant, et al., Defendant. — Order, Supreme Court, New York County (Arnold Fraiman, J.), entered April 28, 1983, which denied the motion of defendant Mitchell H. Elsner to dismiss the complaint, unanimously reversed, on the law, and motion granted as to defendant Mitchell H. Elsner, with costs. ¶ This personal injury

action arises out of an automobile accident occurring in New York County on September 17, 1979, between a vehicle owned and operated by plaintiff and one operated by Mitchell Elsner (defendant), a Florida resident, and owned by Caren Elsner, a New York resident. Two years and 11 months after the accident, on August 18, 1982, plaintiff attempted to commence an action against Mitchell H. Elsner under section 253 of the Vehicle and Traffic Law. He caused a copy of the summons and complaint to be served upon the Secretary of State and mailed a copy to defendant at the Miami, Florida address given by defendant at the time of the accident. This mail was returned by the United States Post Office on August 30, 1982, marked "Addressee Unknown". On September 1, 1982, a copy of the summons was filed with the clerk for the purpose of tolling the Statute of Limitations (CPLR 203). ¶ On November 3, 1982, plaintiff again delivered a copy of the summons and complaint to the office of the Secretary of State and mailed another copy to defendant at the same Florida address. This was returned by the post office marked "Insufficient Address", "Unknown". No further steps were taken to attempt to effect service on or locate the defendant, who had apparently moved approximately one year after the accident and notified the Florida Department of Motor Vehicles of his new address. In December, 1982 (after the Statute of Limitations had expired), copies of the summons and complaint and of affidavits of service upon the Secretary of State were mailed to defendant's insurance carrier, without leave of court (CPLR 308, subd 5). ¶ In the order appealed from, Special Term denied defendant's motion to dismiss the complaint, made upon lack of personal jurisdiction and Statute of Limitations grounds. The court found that there had been adequate compliance with section 253 of the Vehicle and Traffic Law, and that defendant had received actual notice of the action when his insurance carrier had been served in December, 1982. We disagree. ¶ The plaintiff failed to comply with the requirements of section 253 of the Vehicle and Traffic Law. This section provides, *inter alia,* that the operation by a nonresident of a vehicle in this State shall be deemed equivalent to the appointment of the Secretary of State for the purpose of acceptance of process in connection with a motor vehicle accident involving the operation by that nonresident of said vehicle. It sets forth the steps which shall be taken to complete the service on such a nonresident defendant, commenced by service upon the Secretary of State. Notice of such service and a copy of the summons and complaint must be sent forthwith to the defendant by certified or registered mail, return receipt requested. The plaintiff shall file an affidavit of compliance, a copy of the summons and complaint, and either a signed return receipt or the original envelope with a postal notation that receipt was refused or the letter was returned to the post office unclaimed. In the latter two instances, an affidavit of these circumstances and proof of mailing by ordinary mail must be filed. ¶ The statute, however, makes no specific provision for the return of the mailed process with notations, such as occurred in this case, of "Addressee Unknown", "Insufficient Address", etc. A similar situation occurred in *La Vallee v Peer* (104 Misc 2d 943, affd 80 AD2d 992). In that case the letters were returned marked "Moved, left no address" and "Address Unknown". The court concluded, after analyzing the 1978 amendment to section 253 (L 1978, ch 368), together with the appropriate cases and legislative memoranda, that the Legislature intended the term "unclaimed" to cover a situation where the defendant is notified of the existence of the letter by the postal authorities but passively sits by and does not claim it; and it intended the term "refused" or "notation of refusal" to cover both the "unclaimed" letter and the situation where it is actively "refused". In both of these situations the defendant has had notice of the existence of the letter. However, continued the court (p 946)

"[s]ince 'Moved, left no address' and 'address unknown' imply no notice to the defendants, we must hold that there has not been effective service under section 253 of the Vehicle and Traffic Law, and dismiss the action". ¶ We concur with the reasoning of that court and thus find no effective service on this defendant under section 253. Nor is this lack cured by service of the papers upon defendant's insurance carrier without leave of court and subsequent to the running of the Statute of Limitations. Accordingly, the motion is granted and the complaint dismissed as against defendant Mitchell H. Elsner. Concur — Kupferman, J. P., Ross, Bloom, Milonas and Alexander, JJ.