■ Melissa Gibson et al., Respondents, v Josephine Salvatore, Appellant. — In a negligence action to recover damages for injuries to person and property sustained in an automobile accident, the appeal is from an order of the Supreme Court, Kings County (Scholnick, J.), dated May 16, 1983, which (1) granted plaintiffs' motion to serve process on defendant by serving a copy of the summons and complaint upon an attorney retained by defendant's insurance carrier to defend the defendant, pursuant to CPLR 308 (subd 5), and (2) denied a cross motion brought by defense counsel, on behalf of defendant, to dismiss the complaint, which was served pursuant to CPLR 308 (subd 4) and section 253 of the Vehicle and Traffic Law for lack of jurisdiction over the defendant by reason of defective service of process. ¶ Order modified, on the law, by deleting the first decretal paragraph and substituting therefor a provision granting the cross motion. As so modified, order affirmed, without costs or disbursements. ¶ This negligence action arose out of a rear-end automobile collision which occurred in Kings County on May 18, 1980. Plaintiffs are New York residents. The police accident report indicated that the defendant's address was 20 Sanford Avenue, Belleville, New Jersey. On three occasions in January of 1982, plaintiffs' attempts to serve defendant at that address were futile. On January 11, 1982, plaintiffs served process by affixing the summons and complaint to the door at 20 Sanford Avenue and by mailing a copy to said address. However, unbeknown to plaintiffs, defendant no longer lived at that address. On March 8, 1982, plaintiffs' counsel advised defendant's insurance carrier that process had been served on defendant in January of 1982. Defendant had not been in contact with her insurance carrier since August 20, 1980, and the insurance carrier's efforts to discover defendant's whereabouts were unsuccessful. An answer was served on behalf of

defendant by the attorney retained to represent her by defendant's insurance carrier. The answer alleged, as an affirmative defense, that the court lacked personal jurisdiction over the defendant due to defective service of process. Thereafter, plaintiffs attempted to serve process on defendant pursuant to section 253 of the Vehicle and Traffic Law. However, the receipt for the summons and complaint sent to 20 Sanford Avenue by certified mail was returned with the notation "Moved — Not Forwardable". Subsequently plaintiffs applied for an order permitting service of process upon defendant, pursuant to CPLR 308 (subd 5), by serving a copy of the summons and complaint upon the attorney retained by defendant's insurance carrier to represent her. Defense counsel, on behalf of defendant, cross-moved to dismiss the complaint on the ground the court lacked personal jurisdiction over defendant because plaintiffs' motion papers demonstrated that their attempt to serve defendant pursuant to CPLR 308 (subd 4) and section 253 of the Vehicle and Traffic Law had failed. Special Term erroneously denied the cross motion. ¶ The "nail and mail" provision of the CPLR permits a plaintiff to mail duplicate process to the defendant at his last known residence, but clearly requires that the nailing be done at the defendant's "actual place of business, dwelling place or usual place of abode" (CPLR 308, subd 4). Affixing the summons and complaint to the door of defendant's last known residence rather than her actual abode rendered plaintiffs' purported "nail and mail" service ineffective, since they failed to comply with the specific mandates of CPLR 308 (subd 4) (see *Feinstein v Bergner,* 48 NY2d 234; *De Capua v Morrissey,* 67 AD2d 832; *Polansky v Paugh,* 23 AD2d 643; *Entwistle v Stone,* 53 Misc 2d 227; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C308:4, p 208). Plaintiffs' attempt to serve process pursuant to section 253 of the Vehicle and Traffic Law by serving the Secretary of State and by mailing the summons and complaint to defendant by certified mail was also defective. Since the receipt was returned with the notation "Moved — Not Forwardable", the required proof of the delivery or refusal of the certified mail was lacking (see *Dobkin v Chapman,* 21 NY2d 490, 495; *Maloney v Ensign,* 43 AD2d 902; *La Vallee v Peer,* 104 Misc 2d 943). Consequently, the complaint which had been purportedly served pursuant to either CPLR 308 (subd 4) or section 253 of the Vehicle and Traffic Law should have been dismissed. ¶ However, we conclude that plaintiffs' unsuccessful attempts to serve defendant combined with the documented efforts by the insurance carrier and defense counsel to locate defendant, which also proved futile, constitute sufficient evidence that service under CPLR 308 (subds 1, 2, or 4) was impracticable. Accordingly, Special Term correctly granted plaintiffs' application to permit service of process pursuant to CPLR 308 (subd 5). ¶ Furthermore, it can be inferred from the record that defendant was cognizant of the fact personal injuries had been incurred by plaintiff Melissa Gibson in the accident and that she had been in contact with her insurance carrier for approximately three months after the accident. Anyone who drives a car knows that, after such an accident, one is likely to be served as a defendant in a lawsuit. One method to protect oneself against the possibility of failing to receive actual notice is by keeping in touch with one's insurance carrier. "Indeed, in an automobile case, no defendant need be without notice unless he chooses and wants to be; many an injured plaintiff, however, will go without recompense if, in a proper case, the standards of informative notice may not be relaxed" (*Dobkin v Chapman,* 21 NY2d 490, 504, *supra*). ¶ Under the circumstances of this case, the method of service employed by Special Term — service upon the attorney retained to represent defendant by her insurance carrier — was reasonably calculated to give defendant notice of the proceeding, albeit neither the attorney nor the insurer had knowledge of defendant's whereabouts (see *Dobkin v Chapman, supra; Kropf v King,* 30

AD2d 327; *Corino v Mensone,* 72 Misc 2d 542). Lazer, J. P., Thompson, Bracken and Rubin, JJ., concur.