■ MERCEDES NUNEZ, Individually and as Mother and Natural Guardian of DIORIS NUNEZ, an Infant, et al., Respondents, v EMILIO NUNEZ et al., Defendants, and DILECIO R. MARIA, Appellant.—Order, Supreme Court, New York County (Burton S. Sherman, J.), entered July 21, 1988, which denied defendant Maria's motion to dismiss for failure to move for a default judgment within one year of default and permitted, nunc pro tunc, a late filing of proof of service, unanimously reversed, on the law, without costs or disbursements, and the complaint dismissed.

In this personal injury action, arising out of an automobile accident, plaintiffs served a summons and complaint on Febru-

ary 24, 1987 on the Secretary of State and mailed a copy to defendant Maria at a Florida address. The mailing, however, was returned, marked "addressee unknown". Approximately one year and three months later, on June 6, 1988, the Motor Vehicle Accident Indemnification Corporation, which appeared on behalf of defendants Maria and one other, not involved herein, moved to dismiss the complaint against said defendants on the ground of abandonment as a result of plaintiffs' failure to move for a default within one year of service (CPLR 3215), and for failure to serve an affidavit of service within 30 days of mailing. The court denied the motion, finding that Maria's time to appear did not begin to run until after proof of service had been filed. The court also, *sua sponte,* permitted a late filing of proof of service, nunc pro tunc.

Effective service pursuant to section 253 of the Vehicle and Traffic Law has two elements, service upon the Secretary of State and service upon the defendant by certified or registered mail. Thereafter, the plaintiff must file an affidavit of compliance, a copy of the summons and complaint, and either a signed return receipt or the original envelope sent to the defendant with a postal notation that receipt was refused or the letter was returned unclaimed. Service is complete where a defendant is notified of the existence of the letter even though he sits passively by and does not claim it, or has actual notice of the mailing but refuses to accept it. In either case, the defendant is charged with notice of the letter. *(La Vallee v Peer,* 104 Misc 2d 943, *affd* 80 AD2d 992.) It has been repeatedly held, however, in situations in which the mailing is returned marked "address unknown", that notice has not been given and, thus, the attempted service under section 253 is ineffective. *(Zimmerman v Elsner,* 102 AD2d 707; *Gibson v Salvatore,* 102 AD2d 861; *Dobkin v Chapman,* 21 NY2d 490, 495.)

Since the mailing in this case was returned undelivered with the notation "addressee unknown", service was never effectuated and jurisdiction never obtained. The order is reversed, and complaint dismissed. Concur—Sullivan, J. P., Carro, Milonas and Ellerin, JJ.