█ CHARLES ROSS, Appellant, v VERONICA HUDSON, Respondent. [755 NYS2d 875] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Held, J.), dated February 28, 2002, which granted the defendant's motion to vacate a judgment entered against her upon her default in answering and to dismiss the complaint pursuant to CPLR 3211 (a) (5).

Ordered that the order is affirmed, with costs.

The plaintiff, a passenger in the defendant's motor vehicle, allegedly was injured when the defendant lost control of her vehicle and collided with a guardrail. In bringing this action, the plaintiff attempted to serve the defendant pursuant to Vehicle and Traffic Law § 253. Effective service under this section has two elements—service upon the Secretary of State and service upon the defendant by certified or registered mail. It is undisputed that the plaintiff's mailing was returned with the notation, "return to sender, forwarding order expired," and thus, that the defendant never received the mailing. Where the mailing is returned marked "address unknown," "addressee moved—no forwarding address," or "returned to sender— forwarding time expired," the requirements of Vehicle and Traffic Law § 253 are not met and jurisdiction is not obtained (*see Nunez v Nunez,* 145 AD2d 347 [1988]; *Bingham v Ryder*

*Truck Rental,* 110 AD2d 867 [1985]; *Cummins-Allison Corp. v Bargarnik,* 146 Misc 2d 1042 [1990]; *Harrington v Victory Trucking Co.,* 141 Misc 2d 327 [1988]). Thus, the Supreme Court properly granted the defendant's motion to vacate the default judgment against her and to dismiss the complaint.

The plaintiff's remaining contentions are without merit. Florio, J.P., S. Miller, Friedmann, Townes and Mastro, JJ., concur.