# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**607**

**CA 15-01206**

PRESENT: WHALEN, P.J., CARNI, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

RUSSELL PECORARO, PLAINTIFF-APPELLANT,

V                                                              MEMORANDUM AND ORDER

MARY W. MILLER, DEFENDANT-RESPONDENT.

---

ROSCETTI & DECASTRO, P.C., NIAGARA FALLS (CAMILLE A. SARKEES OF COUNSEL), FOR PLAINTIFF-APPELLANT.

LAW OFFICES OF JOHN WALLACE, BUFFALO (NANCY A. LONG OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered March 23, 2015. The order, inter alia, granted the cross motion of defendant to dismiss the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted defendant's cross motion to dismiss the complaint against her for lack of personal jurisdiction. Defendant was the owner and operator of a vehicle involved in an accident with a vehicle operated by plaintiff. After plaintiff filed the summons and complaint, he attempted to serve defendant where she resided on the day of the accident. Two months after the accident, however, defendant moved to a different residence in the same apartment complex. Two years later, defendant relocated to Texas. After learning that defendant had relocated out of state and had not left a forwarding address with the apartment complex manager, plaintiff attempted service pursuant to Vehicle and Traffic Law § 253, made applicable to defendant under section 254. Plaintiff mailed the requisite documents via certified and registered mail, return receipt requested, but mailed those documents to the residence at which defendant resided on the day of the accident. The mailing was returned, stamped "Return to Sender Attempted Not Known."

Defendant correctly contends that statutory conditions of Vehicle and Traffic Law § 253 were not met inasmuch as that statute permits service only where a mailing is returned as either "refused" or "unclaimed" (*see Ross v Hudson*, 303 AD2d 393, 393-394; *Nunez v Nunez*, 145 AD2d 347, 348; *Bingham v Ryder Truck Rental*, 110 AD2d 867, 869; *Zimmerman v Elsner*, 102 AD2d 707, 708). Thus, the court properly determined that personal jurisdiction over defendant was never obtained.

Plaintiff, however, contends that, because defendant failed to notify the Department of Motor Vehicles (DMV) of her change of address, she is estopped from challenging the validity of service pursuant to Vehicle and Traffic Law § 505 (5).  Even assuming, arguendo, that plaintiff properly raised the estoppel contention in a sur-surreply (*cf. Mikulski v Battaglia*, 112 AD3d 1355, 1356; *Seefeldt v Johnson*, 13 AD3d 1203, 1203-1204), we nevertheless conclude that plaintiff's contention lacks merit.  Where a plaintiff attempts to serve a defendant at the address on file with the DMV "at the time of service" (*Canelas v Flores*, 112 AD3d 871, 872), but the defendant has since relocated and failed to notify the DMV of the change of address as required by section 505 (5), the defendant is estopped from challenging the propriety of service made to that former address (*see id.* at 871-872; *Velasquez v Gallelli*, 44 AD3d 934, 935).

Here, the address on file with the DMV at the time of service was the second address in the apartment complex, which suggests that plaintiff did, in fact, notify the DMV of that address change.  Plaintiff, however, attempted to serve defendant at the first residence in that apartment complex.  Inasmuch as defendant apparently filed a change of address with the DMV to serve as notification that she had moved from the first apartment to the second apartment, she is not estopped from challenging defendant's attempted service made to the first apartment (*see Canelas*, 112 AD3d at 872; *see also Rodriguez v Morales*, 200 AD2d 406, 407).

Entered:  June 17, 2016                           Frances E. Cafarell
                                                  Clerk of the Court