Dalrymple v JBJ Auto Trading, LLC (2024 NY Slip Op 05089)

Dalrymple v JBJ Auto Trading, LLC

2024 NY Slip Op 05089

Decided on October 16, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 16, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
LILLIAN WAN, JJ.

2022-01631
2022-01632
 (Index No. 703386/21)

[*1]Ainsley Dalrymple, Jr., etc., appellant, 
v
JBJ Auto Trading, LLC, et al., defendants.

Schwartzapfel Lawyers, P.C. (Michael H. Zhu, Esq., P.C., New York, NY, of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries and wrongful death, etc., the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated January 14, 2022, and (2) an order of the same court dated March 3, 2022. The order dated January 14, 2022, denied the plaintiff's motion for leave to enter a default judgment against the defendants JBJ Auto Trading, LLC, and "John Doe." The order dated March 3, 2022, insofar as appealed from, in effect, upon reargument, adhered to the prior determination in the order dated January 14, 2022.
ORDERED that the appeal from the order dated January 14, 2022, is dismissed, without costs or disbursements, as that order was superseded by the order dated March 3, 2022, made, in effect, upon reargument; and it is further,
ORDERED that the order dated March 3, 2022, is affirmed insofar as appealed from, without costs or disbursements.
In February 2021, following an accident in which the plaintiff's father was struck by an automobile and killed, the plaintiff, individually and as administrator of the estate of his father, commenced this action against, among others, JBJ Auto Trading, LLC, and "John Doe" (hereinafter together the defendants) to recover damages for personal injuries and wrongful death. The plaintiff purportedly served the summons and complaint upon the defendants pursuant to Vehicle and Traffic Law § 253. The defendants failed to answer the complaint. In November 2021, the plaintiff moved for leave to enter a default judgment against the defendants. In an order dated January 14, 2022, the Supreme Court denied the plaintiff's motion. Thereafter, the plaintiff moved for leave to reargue his prior motion for leave to enter a default judgment against the defendants. In an order dated March 3, 2022, the court, inter alia, in effect, upon reargument, adhered to its determination in the order dated January 14, 2022, denying the plaintiff's motion for leave to enter a default judgment against the defendants. The plaintiff appeals.
"On a motion for leave to enter a default judgment pursuant to CPLR 3215, a plaintiff is required to submit proof of service of the summons and complaint, the facts constituting the cause of action, and the defendant's default in answering or appearing" (Maldonado v Mosquera, 186 AD3d 1352, 1353 [internal quotation marks omitted]). "Where the plaintiff fails to present proof [*2]of valid service of the summons and complaint, a motion for leave to enter a default judgment pursuant to CPLR 3215 is properly denied" (Lewis v Solny, 172 AD3d 1352, 1354; see Eastern Funding LLC v San Jose 63 Corp., 172 AD3d 818, 819).
Here, the plaintiff failed to demonstrate proper service of the summons and complaint upon the defendants pursuant to Vehicle and Traffic Law § 253. "Effective service under [Vehicle and Traffic Law § 253] has two elements—service upon the Secretary of State and service upon the defendant by certified or registered mail" (Ross v Hudson, 303 AD2d 393, 393). Although the plaintiff established that he effected service upon the Secretary of State, the plaintiff failed to establish that the defendants were served with the summons and complaint by certified or registered mail (see Vehicle and Traffic Law § 253; Bingham v Ryder Truck Rental, 110 AD2d 867, 869; Stewart v McIntyre, 57 AD2d 831, 832).
Accordingly, the Supreme Court, in effect, upon reargument, properly adhered to its determination in the order dated January 14, 2022, denying the plaintiff's motion for leave to enter a default judgment against the defendants.
CONNOLLY, J.P., GENOVESI, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court