El Khatib v Boughanmi (2025 NY Slip Op 03997)

El Khatib v Boughanmi

2025 NY Slip Op 03997

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-07016
 (Index No. 503954/21)

[*1]Mohammed El Khatib, appellant, 
v
Manoubi Boughanmi, et al., defendants.

Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Paul H. Seidenstock, and Joshua Block], of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Rachel E. Freier, J.), dated May 17, 2023. The order, sua sponte, directed dismissal of the complaint and, in effect, denied, as academic, the plaintiff's motion for leave to renew his prior motion for leave to enter a default judgment against the defendant Manoubi Boughanmi, which had been denied in an order of the same court (Joy F. Campanelli, J.) dated August 15, 2022, or, in the alternative, pursuant to CPLR 306-b for an extension of time to serve the summons and complaint.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order dated May 17, 2023, as, sua sponte, directed dismissal of the complaint is deemed to be an application for leave to appeal from that portion of that order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order dated May 17, 2023, is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a determination on the merits of the plaintiff's motion for leave to renew his prior motion for leave to enter a default judgment against the defendant Manoubi Boughanmi or, in the alternative, pursuant to CPLR 306-b for an extension of time to serve the summons and complaint.
On November 27, 2018, the plaintiff allegedly was injured in an automobile accident in Brooklyn involving a vehicle owned by the defendant Eagles Trucking, LLC, driven by the defendant Manoubi Boughanmi, and bearing a Pennsylvania registration. In January 2020, the plaintiff commenced a prior action to recover damages for personal injuries against the defendants. The plaintiff believed that service was effectuated upon Boughanmi. However, the plaintiff did not move for leave to enter a default judgment against Boughanmi within one year, and so, the plaintiff commenced the instant action in February 2021, seeking the same relief.
Boughanmi purportedly was served in the instant action on or about March 3, 2021, pursuant to Vehicle and Traffic Law § 253, which allows service on a nonresident motorist through the Secretary of State. There is no evidence in the record of an attempt to serve Eagles Trucking, LLC.
By notice of motion dated December 29, 2021, the plaintiff moved for leave to enter a default judgment against Boughanmi. In an order dated August 15, 2022, the Supreme Court denied the motion on the ground that the plaintiff did not file proof of service.
By notice of motion dated September 20, 2022, the plaintiff moved for leave to renew his prior motion for leave to enter a default judgment against Boughanmi or, in the alternative, pursuant to CPLR 306-b for an extension of time to serve the summons and complaint. The motion papers included affidavits of service indicating service upon the Secretary of State and service upon Boughanmi by mail. The mailing to Boughanmi was returned as "not deliverable as addressed - unable to forward." The plaintiff's attorney conceded that his failure to submit those documents on the original motion was the result of law office failure. His paralegal stated in an affidavit that she inadvertently failed to include those documents on the original motion.
In an order dated May 17, 2023, the Supreme Court, sua sponte, directed dismissal of the complaint on the ground that the plaintiff "failed to file D.J. motion" and, in effect, denied, as academic, the plaintiff's motion for leave to renew his prior motion for leave to enter a default judgment against Boughanmi or, in the alternative, for an extension of time to serve the summons and complaint. The plaintiff appeals.
The documents submitted on the plaintiff's motion for leave to renew indicate that Boughanmi did not receive the summons and complaint and that service pursuant to Vehicle and Traffic Law § 253 was ineffective (see Dobkin v Chapman, 21 NY2d 490, 495; Ross v Hudson, 303 AD2d 393; Nunez v Nunez, 145 AD2d 347; Gibson v Salvatore, 102 AD2d 861, 862). Therefore, on this record, it appears that there may have been no default by Boughanmi in failing to appear or answer the complaint and no basis to, sua sponte, direct dismissal of the complaint pursuant to CPLR 3215(c) (see Castillo-Florez v Charlecius, 220 AD3d 1, 5). That leaves open the question of whether the plaintiff is entitled to an extension of time pursuant to CPLR 306-b to serve the summons and complaint.
Accordingly, the matter is remitted to the Supreme Court, Kings County, for a determination on the merits of the plaintiff's motion for leave to renew his prior motion for leave to enter a default judgment against Boughanmi or, in the alternative, pursuant to CPLR 306-b for an extension of time to serve the summons and complaint.
BARROS, J.P., FORD, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court