In the Matter of SIDNEY SCHWARTZ et al., as Proposed Directors and Incorporators of NATIONAL CREDIT INSURANCE Co., Appellants, *v.* LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York, et al., Respondents.

Third Department, March 20, 1964.

*Schwartz, Kobb & Freilich* (*Sidney Schwartz* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Harold J. Hughes, Jr.,* and *Paxton Blair* of counsel), for respondents.

AULISI, J. This is an appeal from an order of the Supreme Court, County of Albany, which dismissed an article 78 proceeding to review and annul a final determination of the Attorney-General made pursuant to subdivision 6 of section 48 of the Insurance Law disapproving the declaration and charter of the proposed National Credit Insurance Company as not conforming to the requirements of law, and to compel the Insurance Department to issue to said proposed insurance company a certificate of incorporation.

Petitioners submitted a proposed charter to the Superintendent of Insurance who transmitted it to the Attorney-General for his approval as required by subdivision 6 of section 48 of the Insurance Law. The Attorney-General disapproved the proposed charter in that it contained language other than that authorized by sections 46 and 48 of the Insurance Law in describing the kind of insurance to be transacted, and "In addition, the proposed charter contemplates the transaction of a kind of insurance not permitted by the laws of the State. Mortgage indemnity insurance is not permitted by § 46 ¶ 17, of the statute."

The kinds of insurance authorized in the State of New York are enumerated in section 46 of the Insurance Law as follows:

"The kinds of insurance which may be authorized in this state, subject to the other provisions of this chapter, are set forth in the following paragraphs. * * * Each of the following paragraphs indicates the scope of the kind of insurance business specified therein; * * *

"16. 'Fidelity and surety insurance,' meaning

"(a) Guaranteeing the fidelity of persons holding positions of public or private trust;

"(b) Becoming surety on, or guaranteeing the performance of, any lawful contract except the following:

"(1) A contract of indebtedness secured by title to, or mortgage upon, or interest in, real or personal property;
* * *

"(17) 'Credit insurance,' meaning indemnifying merchants or other persons extending credit against loss or damage resulting from the nonpayment of debts to them; and including the incidental power to acquire and dispose of debts so insured,

and to collect any debts owed to such insurer to any person so insured by him."

Subdivision 16 of section 46 expressly prohibits mortgage guarantee insurance. Petitioners accordingly stated their intended purpose in section 3 of their proposed charter in the exact words of subdivision 17 above. The petitioners explain the objectives and purposes of the proposed corporation based upon the statutory pronouncement of section 48 (subd. 5, par. [j]) of the Insurance Law by the following statement found in section 4 of the proposed charter, viz.: " The corporation shall indemnify merchants, or other persons and corporations extending credit against loss or damage resulting from the non-payment of debts owed to them, including indemnifying mortgagees or assignees of mortgagees against loss or damage resulting from non-payment by mortgagors or subsequent landowners."

The Attorney-General objects to this on the grounds that it is an improper statement which does not conform to the language of the statute. It does, however, show that petitioners contemplate writing mortgage indemnity insurance and the issue before us is whether this type of insurance can be written in the State of New York as " credit insurance " under subdivision 17 of section 46 of the Insurance Law.

Petitioners urge that this type of insurance is nowhere prohibited in the law, that it logically falls within the definition of credit insurance, that the specific exclusion of mortgage guarantee insurance in subdivision 16 of section 46 impliedly authorizes mortgage indemnity insurance in subdivision 17 of section 46, and that most of the other States allow mortgage insurance with many classifying it is credit insurance. Petitioners also cite a letter from Raymond Harris, Deputy Superintendent and Chief Counsel of the Insurance Department on January 31, 1958, in which Mr. Harris expresses the opinion that such insurance would be permissible under subdivision 17 of section 46.

While mortgage indemnity insurance is not prohibited in the statute as is mortgage guarantee insurance, it is not a type of insurance contemplated within the meaning of " credit insurance " as defined in subdivision 17 of section 46. The Legislature intended that there be a difference between mortgage indemnity insurance and commercial credit insurance.

The present Insurance Law was passed in 1939 (L. 1939, ch. 882). The Insurance Department made a study of the law and a revision was presented in 1937. (Insurance Law

Revision, Tentative Draft, 1937.) Article XVIII of this draft proposed a regular statutory scheme for companies writing mortgage indemnity contracts. The comment proceeding section 170, the first section of said article XVIII of the Tentative Draft of 1937, states in part as follows (p. 450): "This article provides for the establishment of a new type of company, called a 'mortgage indemnity company', empowered to indemnify holders of whole mortgages against the ultimate loss of any principal and interest and obligated to maintain the payment of interest at a maximum rate."

The comments of the revisors to section 31 of the Tentative Draft of 1937, which became what is now section 46 of the Insurance Law state (p. 37):

"Mortgage indemnity contracts are also a new type of insurance contract, proposed in Art. XVIII as a substitute for mortgage guarantees formerly authorized under the Insurance Law (Art. V), but no longer permitted because of unfavorable experience in recent years.

"A proposal to authorize the recognition of new kinds of insurance by official regulation of the superintendent was carefully considered but finally rejected. It is believed that the requirements as to capital or surplus, reserves, investments, policy forms and rates, and the application of general provisions to a new kind of insurance company, can best be worked out through the ordinary process of legislation, which at present are available annually."

The Insurance Law as finally passed in 1939 contained no provisions similar to article XVIII of the Tentative Draft of 1937 and all mention of mortgage indemnity contracts had been deleted. It is therefore apparent that the Legislature did not intend to authorize mortgage indemnity insurance. It does not seem possible that the detailed proposals authorizing mortgage indemnity insurance were left out of the present law because the Legislature thought such insurance was implicit within the definition of credit insurance as set forth in subdivision 17 of section 46.

The legislative history of the Insurance Law shows that the concept of mortgage indemnity insurance was specifically rejected by the Legislature. When statutory construction is required by the courts, they may use extraneous connected circumstances, laws and writings which indicate the legislative intent. This intention of the Legislature is the primary consideration of the courts and when such intent is manifest it is controlling. (See McKinney's Cons. Laws of N. Y., Book 1, Statutes, §§ 1, 92, 125 and cases cited.)

The petitioners contend that reading sections 154 and 204 of the Insurance Law together authorizes the writing of mortgage indemnity insurance. These sections deal with life insurance and have no application to the issue here.

The order appealed from should be affirmed, with $10 costs.

GIBSON, P. J., HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Order affirmed, with $10 costs.