OPINION OF THE COURT
J. Robert Lynch, J.
The defendants move to dismiss this action for lack of jurisdiction over their persons. The plaintiff cross-moves for leave to file an affidavit of service nunc pro tune.
In attempting to effect service by section 253 of the Vehicle and Traffic Law, the plaintiff sent the summons and complaint by certified mail to the defendants at their respective addresses given in the vehicle accident report. The defendant Peer’s letter was returned marked "Moved, left no address” and the defendant Calle’s letter was returned marked "Ad *944 dress unknown”. The statute provides for effective service “if the registered letter was returned to the post office unclaimed” (Vehicle and Traffic Law, § 253, subd 2).
It is the contention of the defendants that the word “unclaimed” was used in the statute only to denote those situations where the defendant had notice that there was a letter to be claimed but did not claim it; that situations where the defendant did not know of the existence of a letter would be covered by such markings as “Address unknown” or “Moved, left no address”.
It is the contention of the plaintiff that the Dobkin trilogy (Dobkin v Chapman and two other actions, 21 NY2d 490) ruled that notice of process by a defendant was not requisite to jurisdiction obtained by service under CPLR 308 (subd 4), and that the reasoning applicable there is applicable here.
Dobkin was decided in 1968. At that time service under subdivision 2 of section 253 of the Vehicle and Traffic Law was able to be accomplished only when the letter had been delivered or the defendant or his agent had actually refused it and the original envelope bore a notation that it had been refused. The subdivision further provided: “The foregoing papers shall be filed within thirty days after the return receipt or other official proof of delivery or the original envelope bearing a notation of refusal * * * the notation of refusal shall constitute presumptive evidence that the refusal was by the defendant or his agent”. It was noted in Dobkin (supra, p 495) that service had been attempted under section 253 and the “attempt proved unsuccessful since the envelopes were returned, unopened, with the notation, ’Moved. Left no address’, and, thus, the required proof of the delivery or refusal of the registered mail was lacking.” It had also been held that, under former subdivision 2 of section 253, a letter returned marked “Unclaimed” would not satisfy the statutory requirement that the defendant have notice because ”[t]he notation ’unclaimed’ indicates that no notice was received by the defendant” (Stewart v McIntyre, 57 AD2d 831, 832).
By chapter 368 of the Laws of 1978, the Legislature added to the options of subdivision 2 of section 253 that the letter be delivered or actually refused by the defendant or his agent the alternative that the letter be unclaimed. Otherwise the language of the subdivision remained the same. We conclude that in making this amendment the Legislature intended to change the definition of “unclaimed” given by Stewart v McIntyre *945 (supra) and its antecedents, and that it did not intend that the Dobkin rule not requiring notice to defendants be applied to service under section 253.
Our primary consideration in construing a statute is to give effect to the intention of the Legislature (Matter of Astman v Kelly, 2 NY2d 567, 572; Chittenden Lbr. Co. v Silberblatt & Lasker, 288 NY 396). To determine legislative intent we must in the first instance look to the language of the statute, and, only if its meaning is unclear, may we go outside of the statute to look to the purpose of its enactment (McKinney’s Cons Laws of NY, Book 1, Statutes, § 92, subd b).
Referring to the instances both when a letter is refused by a defendant or his agent and when it is returned unclaimed, the section requires that the "envelope bearing a notation of refusal” be filed. If we adopt the Stewart v McIntyre definition of "unclaimed” as meaning that the defendant has had no notice, the statute is unclear, because "refusal” certainly connotes that the defendant has had notice. Since we are constrained to give every word of a statute effect if possible (McKinney’s Cons Laws of NY, Book 1, Statutes, § 231; see, also, Palmer v Van Santvoord, 153 NY 612), we must look to the purpose of the enactment to discover its intent.
One means of doing so is to look to the writings of the draftsman (see Matter of Schwartz v Lefkowitz, 21 AD2d 13). The memorandum of the Assemblyman who introduced the 1978 amendment states (NY Legis Ann, 1978, p 227):
"The purpose of this bill is to amend the Vehicle and Traffic Law to allow serving of a summons when a defendant passively refuses it by allowing it to remain 'unclaimed’ in the Post Office. This would affect out of state residents involved in accidents in New York State.
"Under present law it is impossible to file a summons on an out of state resident who leaves a registered letter 'unclaimed’ at the Post Office.”
Given this statement of purpose it becomes clear that the Legislature intended "unclaimed” to cover that situation where the defendant was notified that he had a letter at the Post Office and he does not claim it, and "notation of refusal” to cover both the "unclaimed” letter and the situation where the letter itself is actually refused by the defendant or his agent. In either case the defendant has had notice of the letter.
*946 Since "Moved, left no address” and "address unknown” imply no notice to the defendants, we must hold that there has not been effective service under section 253 of the Vehicle and Traffic Law, and dismiss the action.
In view of this dismissal the plaintiff’s cross motion is academic and must be denied for that reason.