Bonnie PITTS, Appellant-Respondent,

v.

**JOHNSON COUNTY DEPARTMENT OF PUBLIC WELFARE,** Appellee-Petitioner.

No. 4–785A179.

Court of Appeals of Indiana, Fourth District.

April 24, 1986.

David J. Dreyer, Legal Services Organization of Indiana, Inc., Indianapolis, for appellant-respondent.

Stephen L. Huddleston and Clarke House, Franklin, for appellee-petitioner.

CONOVER, Judge.

Defendant-Appellant Bonnie Pitts (Pitts) appeals the trial court's termination of her parental rights by default judgment for failure to comply with a discovery order. Ind.Rules of Procedure, Trial Rule 37(B).

We reverse and remand.

ISSUES

Pitts raises one issue which is dispositive.

1. Whether the trial court abused its discretion by terminating her parental rights by default judgment.

FACTS

In October 1981, the Johnson County Juvenile Court issued a dispositional decree, finding Pitts's minor child to be a child in need of services (CHINS). The decree stated the child would be placed in the Johnson County Department of Public Welfare's (DPW) custody until a home study was conducted in California, where Pitts was believed to reside.

In March 1981, the DPW began corresponding with Pitts and various California welfare departments in order to coordinate a home study. During the next 14 months, the DPW initiated but was unable to complete six separate home studies. These unsuccessful attempts were due to Pitts's continual changes of address.

In January 1984, the DPW filed a petition to terminate Pitts's parental rights. After numerous re-settings, the DPW became "aware" Pitts had seen a doctor at a mental health center. In September 1984, the DPW filed a motion to compel Pitts to sign a medical release form. The DPW claimed it needed to discover the information stated therein. Pitts refused to sign the form. She claimed any mental health services she may have received were protected under the physician-patient privilege.

In October 1984, the trial court ordered Pitts to sign the medical release form. Her attempt to certify the issue for interlocutory appeal was denied. The DPW then filed a motion for judgment and for rule to show cause due to Pitts's noncompliance with the court order.

A contempt hearing was set for November 30th. The court orally informed the parties it was finding Pitts in contempt and would find her in default under Ind.Rules of Procedure, Trial Rule 37. The court entered its order on December 13, 1984, but granted Pitts a stay so she could take the issue to our Supreme Court as an original action. Pitts then filed a motion to correct errors. The DPW filed a motion for entry of default judgment. Pitts filed a motion to oppose such entry.

A Supreme Court hearing was held on March 12, 1985. The Supreme Court declined to interfere with the trial court's exercise of jurisdiction over the discovery order.

The remaining issues concerning the default judgment were set for hearing on April 10, 1985. At this hearing, Pitts attempted to purge her contempt by submitting the signed medical release form previously compelled. The court refused to accept the form. The court asserted Pitts was already in default from its December 13, 1984 order. The court refused to accept any testimony from Pitts and did not allow any cross-examination by her attorney.

The court terminated Pitts's parental rights by default. She appeals.

Other facts necessary for our determination appear below.

DISCUSSION AND DECISION

A. *Discovery Sanctions*

 Discovery is designed to be self-executing with little, if any, supervision or assistance by the trial court. If the goals of this system break down, Trial Rule 37

provides the court with tools to enforce compliance in order to encourage a just and speedy determination of the lawsuit. The trial court may impose various sanctions ranging from allowance of expenses to entry of dismissal or judgment by default. *Breedlove v. Breedlove* (1981), Ind.App., 421 N.E.2d 739, 741. The choice of sanction is a matter within the discretion of the trial court. *Id.*

### B. *Default Judgment*

■ Generally, default judgments are not favored in Indiana for they are rendered without a trial of any issue of law or fact. *General Finance Corp. v. Skinner* (1981), Ind.App., 426 N.E.2d 77, 82. Any doubt of their propriety is resolved in favor of the defaulted party. *Plough v. Farmers State Bank of Henry County* (1982), Ind. App., 437 N.E.2d 471, 475. This view is in keeping with the established goal of this jurisdiction to have our tribunals decide a controversy on its merits. *Fruehauf v. Review Board of Indiana Employment Security* (1983), Ind.App., 448 N.E.2d 1193, 1197.

■ In reviewing the default judgment, the question before this court is whether the · trial court abused its discretion. *Breedlove, supra,* 421 N.E.2d at 742. We may say a trial court has abused its discretion only when the result it has reached is clearly against the logic and effect of the facts and circumstances which are before the court or the reasonable, probable, and actual deductions flowing therefrom. *Fulton v. Van Slyke* (1983), Ind.App., 447 N.E.2d 628, 636.

In *Van Slyke, supra,* 447 N.E.2d 628, Judge Miller discussed our view of default judgments for failure to comply with discovery orders. Quoting from Judge Young's decision in *Chrysler Corp. v. Reeves* (1980), Ind.App., 404 N.E.2d 1147, and Judge Shields's decision in *Breedlove, supra,* he stated:

> "This balance recognizes that a trial judge should have wide latitude in controlling pretrial discovery orders and should seek compliance with his or-

ders. But this balance also recognizes that in our system of justice the opportunity to be heard is a litigant's most precious right and should be sparingly denied."

*Chrysler Corp. v. Reeves, supra* at 1153. In reversing the trial court's default judgment entered pursuant to Ind.Rules of Procedure, Trial Rule 37 he noted in a footnote "[t]hat is to say, based on a weighing of these policies the sanction of default or dismissal is never appropriate without entry of a lesser sanction first." *Id.* at 1154.

In *Breedlove v. Breedlove,* (1981) Ind. App., 421 N.E.2d 739 Judge Shields, speaking for the court, stated:

> "The sanction of dismissal or default is obviously more drastic and severe than other available sanctions. Because the law favors the disposition of cases on their merits, *the imposition of these sanctions is appropriate only under limited circumstances or in extreme situations.* Where an alternative less drastic sanction would be effective it must be utilized." (Emphasis added.)

*Id.* at 742. The court in *Breedlove* affirmed the trial court's default judgment but only after examining the record and observing *numerous instances* where the defendant defied and disobeyed the trial court's orders.

It is thus settled in this jurisdiction that lesser sanctions should be imposed on parties unless there has been contumacious disregard of the court or lesser sanctions have not been effective.

447 N.E.2d at 635.

■ The purpose of civil contempt is to force a party to conform to the court's original order. *Duemling v. Fort Wayne Community Concerts* (1963), 243 Ind. 521, 188 N.E.2d 274, 276. Here, the trial court ordered Pitts to release information privileged by virtue of a California physician-patient relationship. Following supreme court original action review, Pitts attempted to comply with the trial court's order. The trial court refused to accept the signed release, refused to allow testimony and re-

fused to allow cross-examination. It held Pitts was already in default.

■ Given these facts and the fundamental importance of the parent-child relationship at stake, we find the trial court abused its discretion by (1) not imposing a lesser sanction than default first, (2) not permitting Pitts to conform to its original order, and (3) prohibiting Pitts from speaking and cross-examining witnesses during the April 10, 1985, hearing.

### C. *Due Process*

■ Further, the trial court's actions violated Pitts's due process rights under the Fourteenth Amendment to the United States Constitution.

In *Santosky v. Kramer* (1982), 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599, Justice Blackmun stated:

> The fundamental interest of natural parents in the care, custody and management of their child does not evaporate simply because they have not been model parents or have lost temporary custody of their child to the State. Even when blood relationships are strained, parents retain a vital interest in preventing the irretrievable destruction of their family life. If anything, persons faced with forced dissolution of their parental rights have a more critical need for procedural protections than do those resisting state intervention into ongoing family affairs. When the State moves to destroy weakened familial bonds, it must provide the parents with fundamentally fair procedures.

455 U.S. at 753–754, 102 S.Ct. at 1394–1395.

■ Under Indiana Law, procedural due process requires the DPW to prove the statutory requisites for termination of parent-child relationships by clear and convincing evidence. *Matter of VMS* (1983), Ind. App., 446 N.E.2d 632, 636. IND.CODE 31–6–5–4 states the following must be supported by clear and convincing evidence *before* parental rights are involuntarily terminated:

(1) the child has been removed from the parent for at least six (6) months under a dispositional decree;

(2) there is a reasonable probability that the conditions that resulted in the child's removal will not be remedied;

(3) termination is in the best interests of the child; and

(4) the county department has a satisfactory plan for the care and treatment of the child.

*See, Matter of D.L.W.* (1985), Ind.App., 485 N.E.2d 139, 142; *J.K.C. v. Fountain County Department of Public Welfare* (1984), Ind.App., 470 N.E.2d 88, 91.

In this case, no evidence was presented due to the default judgment. In *J.C. Marlow Milking Machine Co. v. Reichert* (1984), Ind.App., 464 N.E.2d 364, Chief Judge Buchanan stated:

> When using the drastic remedy of default as a discovery sanction under T.R. 37(B), the trial court must follow the provisions of T.R. 55 concerning procedures for issuing default judgments.

. . . . .

> In our case a default judgment was issued, so a hearing was required for the benefit of Marlow.

464 N.E.2d at 365–366.

In this case, no hearing was held for the benefit of Pitts when the default judgment was entered. She was not permitted to speak, present evidence, or cross-examine opposing witnesses before her parental rights were terminated.

In *Santosky, supra*, Justice Blackmun, citing *Lassiter v. Department of Social Services* (1981), 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640, stated:

> *Lassiter* declared it "plain beyond the need for multiple citation" that a natural parent's "desire for and right to 'the companionship, care, custody, and management of his or her children'" is an interest far more precious than any property right. 452 U.S. at 27, 101 S.Ct., at 2160, quoting *Stanley v. Illinois*, 405 U.S. [645], at 651, 92 S.Ct. [1208], at 1212 [31 L.Ed.2d 551]. When the State initiates a parental rights termination proceeding, it seeks not merely to infringe

that fundamental liberty interest, but to end it. "If the State prevails, it will have worked a unique kind of deprivation.... A parent's interest in the accuracy and justice of the decision to terminate his or her parental status is, therefore, a commanding one." 452 U.S., at 27, 101 S.Ct., at 2160.

455 U.S. at 758–759, 102 S.Ct. at 1397.

In light of the above cited cases, it is clear the trial court's action here violated procedural due process and constituted an abuse of discretion.

Accordingly, the default judgment is ordered to be set aside, and we reverse and remand for further proceedings consistent with this opinion.

MILLER, J., concurs.

HOFFMAN, J. (sitting by designation), concurs in result with opinion.

HOFFMAN, Judge, concurring in result.

I concur in the result. I do not agree that the trial court abused its discretion in "not imposing a lesser sanction than default first."

The only other sanction available would be contempt and incarceration which in my view would be a greater sanction.