Joseph **STOUT** and Barbara **Stout,**
**Appellants (Plaintiffs Below),**

v.

**A.M. SUNRISE CONSTRUCTION CO., INC., and Cole & Associates, Inc.,**
**Appellees (Defendants Below).**

Joseph **STOUT** and Barbara **Stout,**
**Appellants (Plaintiffs Below),**

v.

**C & C IRON, INC. and Biblich Elementary School, Appellees (Parties pursuant to T.R. 34(C) for discovery purposes below).**

**No. 64A04–8603–CV–70.**

Court of Appeals of Indiana,
Fourth District.

March 30, 1987.
Rehearing Denied May 26, 1987.

Russell A. Willis, Terry E. Johnston, Willis, Buls & Johnston, Portage, for appellants.

Charles K. Whitted, Michael S. Baechle, Whitted and Buoscio, Merrillville, Richard A. Mayer, Daniel A. Gioia, Kathleen M. Maicher, of counsel Spangler, Jennings, Spangler & Dougherty, Merrillville, Timothy J. Walsh, Edward N. Kalamaros & Associates, South Bend, for appellees.

YOUNG, Judge.

On March 19, 1985, Joseph and Barbara Stouts' action against Cole & Associates was dismissed because of the Stouts' failure to adequately respond to Cole & Associates' requests for discovery. On April 2, 1985, the Stouts' action against A.M. Sunrise Construction Co., Inc. was dismissed for similar reasons. The Stouts appeal both of these dismissals. One issue is raised on appeal:

> Whether the trial court abused its discretion by dismissing the complaints of Joseph and Barbara Stout against Cole & Associates and A.M. Sunrise Construction Co., as a sanction for the Stouts' failure to comply with the trial court's discovery orders.

We affirm.

On October 3, 1977, Joseph Stout, a construction worker, fell from a beam while trying to secure the beam to a steel column. As a result of injuries suffered in the fall, Stout was rendered a paraplegic. On October 3, 1979, Stout filed an action against A.M. Sunrise, Cole & Associates, and Central Rent-A-Crane, Inc. seeking damages for the injuries suffered in the fall. His wife, Barbara Stout, sought damages for loss of consortium.[1]

Following the instigation of the action, numerous discovery motions were filed between the plaintiff and defendants, between the defendants and other third parties, and between the various defendants. We will limit our discussion to the motions and events necessary to our opinion.

On March 2, 1982, Central Crane filed a supplemental set of interrogatories on the Stouts. On May 26, 1982, Central Crane filed a motion for sanctions or in the alternative to compel discovery on the Stouts in order to obtain answers to those interrogatories. On June 11, 1982, Central Crane filed a motion asking the trial court to either set the matter for hearing or give Central Crane a summary ruling because of the Stouts' failure to respond. On September 29, 1982, the trial court ordered the Stouts to make substantive responses to Central Crane's interrogatories within twenty days or suffer dismissal of their claims against Central Crane. On October 21, 1982, Central Crane filed its Motion to Dismiss. The trial court granted Central Crane's motion and dismissed with prejudice the complaints of Joseph and Barbara Stout against Central Crane for their failure to respond to the discovery requests. Central Crane's dismissal is not a subject of this appeal.

During this same time period, Cole & Associates also sought discovery from the Stouts. On May 21, 1982, Cole & Associates filed ten interrogatories on the Stouts and requested the trial court to order the Stouts to respond within thirty days. The trial court entered the order; however, the Stouts filed no answers. On September 20, 1982, Cole & Associates filed a motion for sanctions or alternatively requested the trial court to compel answers to the interrogatories propounded to the Stouts. Our review of the record fails to disclose any order entered on this motion. Following these motions and the dismissal of Central

---

1. C & C Iron, Inc. was subsequently brought into the action by way of an indemnity claim filed by A.M. Sunrise. Although C & C Iron filed a brief in this appeal, it is not directly involved and, therefore, is not discussed in this opinion.

Crane, there appears to have been no further action in the case until March of 1984.

On May 22, 1984, Cole & Associates filed a motion for sanctions with respect to the interrogatories it had filed on the Stouts on May 21, 1982. The trial court ordered the Stouts to respond by June 13, 1984 or suffer sanctions. On June 11, 1984, new counsel appeared for the Stouts and requested an additional twenty days to respond to Cole & Associates' discovery requests. On June 24, 1984, the Stouts still had not filed answers to the interrogatories and were ordered to do so within fifteen days. Answers were filed on August 8, 1984.

On August 15, 1984, Cole & Associates filed an additional set of seventeen interrogatories on the Stouts and requested the trial court to order the Stouts to respond within thirty days. The court entered the order. On September 11, 1984, the Stouts requested and received an additional thirty days to respond. On December 14, 1984, having received no answers, Cole & Associates filed a motion to compel. The Stouts were ordered to respond within fifteen days or suffer sanctions. On January 2, 1985, the Stouts asked for additional time to respond and were given until January 12, 1985. Their answers were filed on January 8, 1985.

On January 15, 1985, Cole & Associates filed a motion to compel more complete answers. Cole & Associates had requested information concerning the Stouts' specific contentions, expert witnesses and workers present at the time of the accident. The Stouts' answers to these questions were evasive and non-responsive. On February 22, 1985, the Stouts were ordered to provide responses to five of Cole & Associates' interrogatories and to provide the names and addresses of the Stouts' expert witnesses by March 4, 1985 or suffer dismissal. On March 1, 1985, the Stouts requested an extension of time to respond to the interrogatories on the bases that their expert witness had withdrawn due to a conflict of interest [2] and that they were still seeking certain materials needed to respond to the interrogatories.[3] The trial court granted the Stouts an extension of time up to March 18, 1985 to respond to Cole & Associates' interrogatories. The Stouts filed their answers on that date and Cole & Associates filed a motion to dismiss the next day. The answers filed by the Stouts failed to provide information on their expert witness [4] or to provide specific information on some of the other interrogatories. As a result, the trial court dismissed with prejudice the Stouts' complaint against Cole & Associates on March 19, 1985.

The events leading to the dismissal of the complaints against A.M. Sunrise are similar. A.M. Sunrise filed interrogatories on the Stouts on January 23, 1985. Answers to these interrogatories were filed on March 18, 1985. However answers to several of the interrogatories were evasive

**2.** The Stouts strenuously argued that the withdrawal of their expert was the result of questionable behavior on the part of one of the defendants' attorneys. Defense counsel apparently contacted the Stouts' expert and informed him of a conflict. Defense counsel did not discuss the problem with plaintiffs' counsel prior to contacting the expert.

**3.** During this same time period, the Stouts were filing various discovery requests on both defendants and non-parties to obtain information they believed necessary to answer the interrogatories propounded to them. On February 6, 1985, the Stouts had also filed a motion to compel more complete answers to discovery requests that had been filed in May, 1980. The trial court, however, found that any information sought by the Stouts affected only one answer in each of the defendants' requests and did not excuse the Stouts' failure to file specific answers. The Stouts also asserted that the defendants had deliberately withheld the documents in question. We merely note that the issue was hotly contested and fully presented to the trial court. The facts before the trial court support its ultimate conclusion. No abuse of discretion occurred in the trial court's weighing of these factors in determining the sanction to impose on the Stouts.

**4.** The Stouts responded that only one expert had been consulted and he had resigned because of a conflict. However, at a later date, the Stouts' counsel acknowledged that he had contacted and was working with another expert at that time. It is also notable that the Stouts did not meet with an engineering expert until 1985 although the action had been on file since October, 1979. (Affidavit of Kevin K. McQuillan, R. 21)

and non-responsive. On March 19, 1985, the trial court ordered the Stouts to file more specific answers to five of the twenty-two interrogatories by April 1 or suffer dismissal. Supplemental answers were filed on April 1. On April 2, 1985, A.M. Sunrise moved for dismissal based on the inadequacy of the Stouts' responses. That same day, the trial court dismissed with prejudice the Stouts' complaints against A.M. Sunrise. At the hearing on the motion to dismiss, the trial court stated that it was granting A.M. Sunrise's motion to dismiss because the supplemental answers "add nothing more than the originals did and provide no more specifics. Therefore, the Court's order has not been complied with and the Court is going to grant the order of dismissal." (R. 825) At a subsequent hearing on the Stouts' motion to set aside the dismissals, the trial court noted that only one interrogatory from each defendant involved documents that the Stouts were attempting to obtain from the defendants and non-parties. The remainder of the questions had nothing to do with documents and could have been answered by the Stouts. Therefore, the trial court denied the Stouts' motion to set aside the dismissals. This appeal followed.

■ Trial Rule 37 permits trial courts to impose various sanctions upon parties failing to comply with discovery. The sanctions may range from an award of expenses to an entry of dismissal or default judgment. *Pitts v. Johnson County Dept. of Public Welfare* (1986), Ind.App., 491 N.E.2d 1013, 1014–15. The sanction to be imposed is left to the sound discretion of the trial court. *Id.* In *Chrysler Corp. v. Reeves* (1980), Ind.App., 404 N.E.2d 1147, 1154, this court stated in a footnote that

"the sanction of default or dismissal is never appropriate without entry of a lesser sanction first." We have since modified our approach to the use of the sanction of dismissal for failure to comply with discovery orders. While we still recognize that "the opportunity to be heard is a litigant's most precious right and should be sparingly denied," *id.* at 1153, we will not condone disregard for the trial court's orders. It is therefore now "settled in this jurisdiction that lesser sanctions should be imposed on parties unless there has been contumacious disregard of the court or lesser sanctions have not been effective." *Pitts, supra* at 1015.

■ In the present case, the Stouts evinced a pattern of blatant disregard for the trial court's orders concerning discovery.[5] They completely failed to respond to court orders compelling them to answer Central Crane's discovery requests in 1982. As a result, their actions against Central Crane were dismissed. Even after suffering this dismissal, the Stouts failed to comply with the court's orders compelling them to file specific responses to Cole & Associates' interrogatories. By the time the Stouts' final answers were due to A.M. Sunrise, they had suffered the dismissal of their complaints against both Central Crane and Cole & Associates. Yet their answers to A.M. Sunrise were still insufficient and failed to provide pertinent information concerning expert witnesses and the factual basis for their claims. At the time the claims against Cole & Associates and A.M. Sunrise were dismissed, the action had been on file for approximately six years and was scheduled to go to trial on July 8, 1985. Yet, the Stouts still could not specifically answer many of the questions

5. The Stouts assert that their failure to respond was excusable. First, as previously discussed, they assert that it was due in part to the defendants and third-parties' failure to produce certain documents. Second, also as previously discussed, they point out that they lost their expert witness when defense counsel contacted the witness and informed him of a possible conflict of interest. Third, they assert that the delay was caused in part by Joseph Stout suffering a heart attack during this time period. In addition, the Stouts argue that their new trial counsel had

shown a good faith effort to comply with the discovery requests. The Stouts assert that the trial court failed to properly weigh these factors when deciding the sanction to be imposed. We disagree. Our review of the record reveals no abuse of discretion in the trial court's decision that dismissal was an appropriate sanction even when considering all of these events. The trial court's reasons for imposing the sanction of dismissal were well-supported by the facts and circumstances surrounding this case.

because "investigation continues." It is notable that some of the information requested was or should have been within the personal knowledge of Joseph Stout, *e.g.* who he was working with the day of the accident. Under these circumstances, we find the sanction of dismissal appropriate. A lesser sanction apparently would have been fruitless considering the Stouts' failure to correct their response patterns even after suffering the dismissal of their claims against Central Crane. Under the facts of this case, the trial court's conclusion that the rights of the defendants had been obstructed was well-founded. We, therefore, affirm the dismissal of the actions against both Cole & Associates, Inc. and A.M. Sunrise Construction Co., Inc.

MILLER, J., concurs.

SULLIVAN, J., concurs as to dismissal of complaint against Cole & Associates, Inc., but dissents as to dismissal of complaint against A.M. Sunrise Const. Co., Inc.