■ GREYHOUND CAPITAL CORPORATION, Formerly Known as GREYHOUND COMPUTER CORPORATION, Respondent, v EDP MEDICAL COMPUTER SYSTEMS, INC., Appellant.—In an action to recover damages for the breach of a compromise and settlement agreement, the defendant appeals from (1) an order of the Supreme Court, Queens County (Bambrick, J.), dated April 9, 1987, which granted the plaintiff's motion for summary judgment on the issue of liability and denied its cross motion

for summary judgment; and (2) a judgment of the same court, dated August 26, 1987, which was in favor of the plaintiff in the principal amount of $78,310.68.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

We agree with the Supreme Court that the defendant was in default of the compromise and settlement agreement executed August 23, 1983, requiring it to make monthly payments to the plaintiff in the amount of $5,245. The agreement further provided that "[n]o default shall occur unless and until a notice is sent to the defaulting party by Certified Mail Return Receipt Requested and the defaulting party shall have ten business days after receipt of such notice in which to cure the alleged default". The record indicates that the plaintiff sent a notice of default to the defendant by certified letter in accordance with the terms of the parties' agreement. The defendant was sent three separate notices of the certified letter, the last of which was marked "final", but failed to retrieve the letter from the post office. Inasmuch as the defendant's failure to receive the default notice was occasioned by its own fault, it cannot now raise its nonreceipt of the notice as a defense (see, Rifenburg v Liffiton Homes, 107 AD2d 1015; Cascione v Acme Equip. Corp., 23 AD2d 49, 50; La Vallee v Peer, 104 Misc 2d 943, 945).

We have examined the defendant's other contentions and find them to be without merit. Mollen, P. J., Mangano, Rubin and Kooper, JJ., concur.