**WAYNE TOWNSHIP OF ALLEN COUNTY, James Winters, as Trustee of Wayne Township, Allen County, Appellant (Defendant Below),**

v.

**Doris J. HUNNICUTT, Annie Laverne Nance, and Zena Moore, Appellees (Plaintiffs Below).**

No. 02A04–8902–CV–59.

Court of Appeals of Indiana, Fourth District.

Feb. 7, 1990.

Edward N. Smith, Fort Wayne, for appellant.

Anthony W. Thomas, Legal Services of Maumee Fort Valley, Inc., Fort Wayne, for appellees.

CONOVER, Judge.

Defendants–Appellants Wayne Township of Allen County and James Winters, as Trustee of Wayne Township (collectively, the Township), appeal the trial court's judgment directing the Trustee to provide poor relief assistance to Doris Hunnicutt (Hunnicutt), Ann Nance (Nance), and Zena Moore (Moore) (collectively, the Appellees).[1]

We reverse.

■ Because we reverse, we address only the issue of whether IND.CODE 12-2-1-6.1(e) prevails over IND.CODE 12-2-1-8 and IND.CODE 12-2-1-10(b), based on rules of statutory construction.[2]

The Appellees applied to the Wayne Township Trustee (Trustee) for poor relief assistance to restore and maintain utility services to their homes. The Trustee denied the requests, asserting 1) the Appellees had violated the Trustee's standards for poor relief assistance and 2) the Trustee had no obligation to assist recipients of Assistance for Dependent Children (A.D.C.) based on I.C. 12-2-1-6.1(e). At the time of application, each Appellee was an A.D.C. recipient. The Appellees appealed the Trustee's denial to the Board of Allen County Commissioners (the Board), which affirmed the Trustee's denial. The Appellees then appealed the Board's decision to the Allen Superior Court. It found Hunnicutt and Moore were eligible for poor relief pursuant to I.C. 12-2-1-8 and I.C. 12-2-1-10(b) and entered judgment in their favor. The causes were remanded to the Board with orders to reverse its original decisions and to direct the Trustee to restore and maintain utility services. With regard to Nance, the trial court issued an interlocutory order granting Nance's motion for a preliminary injunction. The order directed

---

1. This is a consolidated appeal of appellate cause numbers 02A04–8902–CV–59, 02A03–8904–CV–149, and 02A03–8904–CV–222. The cases were consolidated pursuant to petition by the parties. Both Hunnicutt and Moore appeal from final judgments rendered by the Allen Superior Court. Nance brings an interlocutory appeal from a preliminary injunction issued by the Allen Superior Court.

2. We note the Appellees independently raise several issues addressing the constitutionality of IC 12-2-1-6.1(e). The Appellees raise these issues for the first time on appeal. It is well-settled questions regarding the constitutionality of a statute must be raised in the trial court. *Puntney v. Puntney* (1981), Ind.App., 420 N.E.2d 1283, 1286. Accordingly, we will not address these issues.

the Trustee to restore and maintain Nance's utility services pending further order of the court. Township appeals.

The Township contends the trial court failed to consider well-settled rules of statutory construction in determining the relationship between I.C. 12–2–1–6.1(e) and both I.C. 12–2–1–8 and I.C. 12–2–1–1(b). We agree.

The pertinent statutes provide:

I.C. 12–2–1–6.1(e):

(e) The township trustee shall determine whether an applicant is a recipient of assistance under IC 12–1–7–1 through 12–1–7–14. The township trustee has no obligation to extend aid to a recipient of assistance under IC 12–1–7–1 through IC 12–1–7–14 [the statute governing the Assistance to Dependent Children program].

I.C. 12–2–1–8:

Sec. 8. Whenever an overseer shall ascertain by investigation that any poor person or persons or family require assistance, he shall furnish to them such temporary aid as may be necessary for the relief of immediate and pressing suffering; before any further final or permanent relief in any case is given, the overseer shall consider whether distress can be relieved by other means than an expenditure of township funds.

I.C. 12–2–1–10(b):

(b) Public aid by an overseer of the poor may include and shall be extended only when the personal effort of the applicant fails to provide one (1) or more of the following items: Food, including prepared food, clothing, shelter, light, water, fuel for heating and cooking, household supplies which shall include first aid and medical supplies for minor injury and illness, household necessities which shall include basic and essential items of furniture and utensils, heating and cooking stoves, and transportation to seek and accept employment.

Because all of the above statutes pertain to the circumstances under which poor relief assistance may be administered, the decisive question is which statute controls. The Township maintains I.C. 12–2–1–6.1(e) unquestionably releases it from the obligation to provide assistance to A.D.C. recipients. The trial court, however, relied upon I.C. 12–2–1–8 and I.C. 12–2–1–10(b) when making its decisions. In construing the statutes here at issue, we are bound by several rules of statutory construction.

■ First, a statute dealing with a subject in a detailed or specific manner will control over statutes dealing with the same subject in general terms when the two cannot be harmonized. *State Ex Rel. Hatcher v. Lake Superior Court* (1986), Ind., 500 N.E.2d 737, 739; *Sharton v. Slack* (1982), Ind.App., 433 N.E.2d 856, 859. For a specific statute to prevail over or modify a general statute, there must be a conflict in the statutes' application to the same subject matter. *Wayne Township v. Lutheran Hosp.* (1974), 160 Ind.App. 427, 312 N.E.2d 120, 124.

Here, such a conflict arises when the statutes are applied to those persons who would normally receive Trustee assistance but are A.D.C. recipients, such as the Appellees. I.C. 12–2–1–8 and I.C. 12–2–1–10(b) authorize the Trustee to administer aid to "the poor". I.C. 12–2–1–8 gives the Trustee authority to administer to any poor person requiring assistance the temporary aid necessary to relieve immediate and pressing suffering. The determination of need is placed within the Trustee's discretion; however, once need is determined, the Trustee is required to furnish the assistance. The aid is directed to "any poor person or persons or family requir[ing] assistance." Similarly, I.C. 12–2–1–10(b) is also directed to "the poor". In contrast, I.C. 12–2–1–6.1(e) does not extend assistance to the unrestricted class of "the poor". Rather, it exempts those who receive A.D.C. from receiving assistance, if the Trustee so chooses, even if they fit within that class of people covered by the other two statutes. I.C. 12–2–1–6.1(e) releases the Trustee from his former obligation to extend assistance to these people. Thus, as applied to these cases, we determine I.C. 12–2–1–6.1(e) to be a specific stat-

ute which prevails over the more general statutes.

◼ Second, we must construe the statute according to its plain meaning. *Gebhard v. State* (1985), Ind.App., 484 N.E.2d 45, 47. Words and phrases shall be taken in their plain, ordinary and usual sense unless a different purpose is manifested by the statute itself. *Id.; Charles W. Smith and Sons Excavating, Inc. v. Lichtenfeld–Massaro, Inc.* (1985), Ind.App., 477 N.E.2d 308, 309.

Here, I.C. 12–2–1–6.1(e) clearly states the Trustee has no obligation to provide assistance to recipients of A.D.C. The statute's authorization includes no exceptions or qualifications, but rather states the rule in plain and unambiguous terms. There is no question the Trustee was exempted from his original obligation to provide assistance to the Appellees based on the plain meaning of the statute. The purpose of this statute seems obvious: it is to allocate the limited Township funds to as many needy people as possible, and prevent some people, namely, those receiving A.D.C. funds, from receiving a "double dose" of public aid to the detriment of others who but for this statute would receive nothing.

◼ Third, a statute must be construed so as to ascertain and give effect to the general intent of the legislature. *Gebhard, supra* at 47. The language of a statute is deemed to have been used intentionally (i.e. lawmakers are presumed to have used language expressive of their intention). It may not be presumed the legislature intended language used in a statute to be applied in an illogical manner. *State Ex Rel. Hatcher, supra.* Nor may it be presumed the legislature enacted a statute containing a useless provision, or one which is a nullity. *Id.; Northern Bank and Trust Co. v. State Bd. of Finance of Indiana* (1983), Ind., 457 N.E.2d 527, 532. It may be presumed, however, the legislature, in enacting a particular piece of legislation, had in mind existing statutes on the same subject. *Pea v. Pea* (1986), Ind.App., 498 N.E.2d 110, 114, *reh. denied, trans. denied.*

As applied here, it is apparent the legislature intended to exempt a specific group of people, those receiving A.D.C., from the Trustee's general requirement of extending aid to those in need. The language of the statute is clear and unambiguous on its face. To construe the language in any other way would render the statute virtually a nullity, or at best, a useless piece of legislation. Additionally, I.C. 12–2–1–6.1(e) [added by P.L. 388–1987, effective July 1, 1987] was enacted long after both I.C. 12–2–1–8 [Acts 1935, ch. 116, s. 7] and I.C. 12–2–1–10(b) [amended by P.L. 143–1977]. Therefore, the legislature is presumed to have known of and considered both statutes when it enacted I.C. 12–2–1–6.1(e).

It is clear I.C. 12–2–1–6.1(e) prevails over I.C. 12–2–1–8 and I.C. 12–2–1–10(b) when applied to the factual circumstances of these cases.

Reversed.

CHEZEM, P.J., and ROBERTSON, J., concur.