**Linda DISHMAN, Plaintiff–Appellant,**

v.

**Vera Jean HILL, Defendant–Appellee.**

**No. 68A01–9004–CV–167.**

Court of Appeals of Indiana,
First District.

Oct. 22, 1990.

J. Alton Taylor, New Castle, for plaintiff-appellant.

BAKER, Judge.

Plaintiff-appellant Linda Dishman appeals Judge Kenneth Sullivan's determination that defendant Vera Hill[1] had valid legal cause under IND.CODE 28-2-8-1 to stop payment on a check. The sole issue for our review is whether Judge Sullivan erred in determining Hill had valid legal cause as that phrase is used in IND.CODE 28-2-8-1 to stop payment on a check to Dishman.

We affirm.

The facts most favorable to the judgment reveal that Hill purchased a used car from Dishman on Saturday, August 5, 1989, paying with a personal check for $550. Neither Dishman nor Hill is in the

---

**1.** Hill has failed to file an appellee's brief for our review. Accordingly, Dishman is entitled to a reversal upon a prima facie showing of revers- ible error. *Downing v. Eubanks* (1990), Ind. App., 557 N.E.2d 1027.

automobile business, and Dishman sold the car "as is" without any warranty.

The car instantly began to have problems, and when it stalled completely, Hill had to push it home. Hill arranged for a mechanic to pick the car up at her home on Tuesday, August 8. The mechanic installed a new fuel pump, charged the battery, and prepared an estimate of the cost to put the car in proper working order. The bill for the services was $65.00, and the estimate for the other needed repairs was over $300.00.

When Hill and her son called Dishman, Dishman's husband said the problem was probably with the carburetor, and offered to help install a replacement carburetor. Hill, however, wanted to return the car. The Dishmans refused to agree to a return, and Hill accordingly stopped payment on the $550.00 check on Wednesday, August 9.

After Hill failed to respond to demands for payment of the check, Dishman filed this action, demanding the amount of the check, as well as interest, costs, attorney fees, and damages pursuant to IND.CODE 28–2–8–1. Hill filed a counterclaim, asking for rescission of the contract on the ground that Dishman had represented the car to be in good working order.

Judge Sullivan granted Dishman's request for payment of the $550.00, holding Hill was not entitled to a rescission because Dishman had sold the car without any warranty. He also determined that while Hill was not entitled to rescission, she nonetheless had valid legal cause to stop payment on the check because she was attempting to reject the car. His finding of valid legal cause precluded Dishman's attempt to recover any damages or fees in excess of the amount of the check and court costs. Dishman now seeks those damages and fees.

I

■■■ The Indiana bad check statute, IND.CODE 28–2–8–1, provides in pertinent part:

(a) A person who, having executed and delivered to another person a check or draft drawn on or payable at a financial institution, *either* without valid legal cause shown stops payment on the check or draft *or* allows the check or draft to be dishonored by a financial institution because of lack of funds, failure to have an account, or lack of an authorized signature of the drawer, or a necessary endorser, is, if found liable under applicable law to the holder on the check or draft in a court action, liable also for the following....

IND.CODE 28–2–8–1(a) (emphasis added). The emphasized language points out the distinction between stopped checks and bad checks: if a check is dishonored because of insufficient funds, lack of an account or lack of necessary signatures, the drawer is liable for statutory penalties in excess of the amount of the check, regardless of the drawer's justification for the cause of the dishonorment. If the drawer issues a stop payment order, however, the drawer can avoid penalties in excess of the amount of the check by showing valid legal cause for stopping payment. In the stop payment context, then, the initial question becomes the definition of valid legal cause.[2]

■■■ In *Stoutco, Inc. v. AMMA, Inc.* (N.D.Ind.1985), 620 F.Supp. 657, relied upon by Dishman, the federal district court ruled "that a determination of 'valid legal cause' in the context of this statute must be done on an objective basis. Thus, in order to avoid liability under I.C. § 28–2–8–1, the defendants must show that they had a legal right to stop payment on the check." *Id.* at 661. Under this ruling, if the holder of a stopped check initiates a collection action, the person issuing the stop payment order would be required to bring a claim or counterclaim against the holder and carry it through to successful completion to avoid statutory penalties. Such a requirement would lead to an expensive and needless increase in litigation, and deter people in the daily course of

---

**2.** Because "valid legal cause" is undefined, we give the words their plain, ordinary, and usual meaning pursuant to IND.CODE 1–1–4–1(1).

commerce from taking reasonable steps to protect their interests.[3]

While we agree with the district court that valid legal cause is an objective question, we cannot see why it should be necessary to require extra litigation or legal expenses to determine the existence of valid legal cause. Rather, we think the proper analysis is one of reasonableness: would a reasonable person in the drawer's situation have thought there was valid legal cause to stop payment on the check? This rule will serve both drawers and holders by allowing the question of valid legal cause to be resolved by the trier of fact within the holder's collection action under IND.CODE 28-2-8-1 if the holder chooses to initiate such an action, rather than requiring a counterclaim or separate claim to determine whether valid legal cause exists.

■ Applying the analysis we adopt today to the present case, we see that Hill experienced extreme problems with the car immediately on taking possession, that those problems were costly, and that they were recurrent. It was for Judge Sullivan as trier of fact to determine the weight and credibility to ascribe to the evidence. When he determined Hill had shown valid legal cause to stop payment, he in essence determined that a reasonable person would have believed there was valid legal cause to stop the check, and we will not reweigh the evidence or judge the credibility of the witnesses to reach a contrary result.[4]

The trial court's judgment is affirmed.

ROBERTSON, J., concurs.

SHIELDS, P.J., dissents with opinion.

SHIELDS, Presiding Judge, dissenting.

I respectfully dissent. In my opinion the meaning of the phrase, "valid legal cause" is plain. In order to avoid penalties for stopping payment "on a check or draft drawn on or payable at a financial institution," I.C. 28-2-8-1(a) (1988) when the account has sufficient funds to otherwise pay the check or draft, the drawer must have valid legal cause. Valid legal cause is a recognizable defense successfully presented at the action instituted to recover on the check. I am in total agreement with the decision of our brethren on the federal bench in *Stoutco, Inc. v. AMMA, Inc.* (N.D. Ind.1985), 620 F.Supp. 657.

---

3. Under subsection (b) of IND.CODE 28-1-8-1, a person stopping payment on a check may avoid the penalties for costs and fees by paying the check's holder within 10 days of the time the holder gives notice to the person stopping payment that the check has not been paid. Subsection (d) of IND.CODE 28-2-8-1 allows a person stopping payment within 30 days from the time the holder gives notice to pay the amount of the check before treble damages are assessed. In either event, the time allowed to cure is brief.

As a practical matter, the district court's ruling would require persons stopping payment to consult an attorney, who would, because of the time limitations in subsections (b) and (d), have an inordinately short time to determine whether valid legal cause, as the district court defines it, exists. Attorneys cannot be expected to predict with certainty the outcome of possible litigation, but that is exactly the outcome necessitated by

the district court's ruling, and attorneys who predict wrongly will be subject to malpractice actions. The rules of statutory construction do not require "valid legal cause" to be construed as requiring a multiplicity of claims, counterclaims, and malpractice actions.

4. IND.CODE 28-2-8-1(d) limits holders of bad or stopped checks to a maximum recovery of $500 in damages over the amount of the check. Subsection (a) provides for an interest assessment on the overdue check, court and travel costs, and reasonable attorney's fees.

In accordance with this provision, Dishman's attorney has requested this court grant $1,650 in attorney's fees for this appeal. Because we have determined Hill had valid legal cause to stop payment on the check, Dishman's attorney is not entitled to fees, and we need not determine whether a $1,650 fee for a case involving $500 in damages plus costs is reasonable.