**Wendy G. ISHAM, Appellant (Defendant Below),**

v.

**Larry CHAFFEE, Appellee (Plaintiff Below).**

**No. 04A03–9010–CV–428.**

Court of Appeals of Indiana, Third District.

June 10, 1991.

Richard R. Skiles, J. Richard Campbell, Skiles Campbell & Reed, Indianapolis, for appellant.

Brian W. Walker, Cheryl M. Knodle, Ball, Eggleston, Bumbleburg & McBride, Lafayette, for appellee.

HOFFMAN, Presiding Judge.

Defendant-appellant Wendy G. Isham appeals the denial of her Ind. Trial Rule 60(B) motion to set aside default judgment.

Defendant and plaintiff were involved in an automobile accident in Marion County, Indiana, on May 30, 1987. At the time the accident occurred, defendant was living at 350 Hummingbird Lane in Louisville, Kentucky, and she gave that address to the investigating officer. In July of 1987, defendant moved to Laurenceburg, Kentucky, then in July of 1988, she moved to Frankfort, Kentucky. Plaintiff filed suit against defendant on May 25, 1989, and served a copy of the complaint and summons upon the Secretary of State on September 1, 1989. On September 8, 1989, the Secretary of State sent the complaint and summons to defendant's Louisville address by certified mail. When the complaint and summons were returned as "unclaimed," the Secretary of State prepared an affidavit stating such. On January 19, 1990, plaintiff filed a motion for default judgment which the trial court granted that

same day. Defendant filed a motion to set aside default judgment on May 25, 1990, which the trial court denied after a hearing on June 19, 1990. This appeal ensued.

Defendant claims the trial court erred in failing to grant her T.R. 60(B) motion to set aside default judgment. Although default judgments are not favored, the decision to grant relief under T.R. 60(B) is left to the equitable discretion of the trial court. *Pitts v. Johnson Cty. Dept. of Public Welfare* (1986), Ind.App., 491 N.E.2d 1013, 1015. This Court will not reverse the trial court unless the result it has reached is clearly against the logic and effect of the facts and circumstances before it or the reasonable, probable, and actual deductions flowing therefrom. *Id.*

Specifically, defendant claims the judgment against her is void for lack of personal jurisdiction because she was not properly served with notice of the suit. *See* T.R. 60(B)(6). IND.CODE § 9–3–2–1 (1988 Ed.) governs service of process on nonresident motor vehicle operators and provides in pertinent part:

"The operation by a nonresident ... of a motor vehicle upon a public street or highway or any other place within this state shall be deemed equivalent to an appointment by such person of the secretary of state, or his successor in office, to be his true and lawful attorney upon whom may be served all lawful processes in any action or proceeding against him, growing out of any accident or collision in which such person may be involved while so operating or so permitting to be operated a motor vehicle on any such street or highway, or any other place within this state and such operation shall be signification of his agreement that any such process against him, which is so served, shall be of the same legal force and validity as if served upon him personally.... The action may be filed in the county of the residence of the plaintiff or in the county where the accident or collision occurred, at the election of the plaintiff, and service of such process shall be made by leaving a copy thereof, with a fee of five dollars ($5.00), for such defendant to be served, with the secretary of state, or in his office, and such service shall be sufficient service upon such person provided that notice of such service and a copy of the process are forthwith sent by registered mail to the defendant, and the defendant's return receipt is appended to the original process and filed therewith in the court. In the event that the defendant refuses to accept or claim such registered mail, then such registered mail shall be returned by the secretary of state to the plaintiff or to his attorney, and the same shall be appended to the original process, together with an affidavit of the plaintiff or of his attorney or agent to the effect that such summons was delivered to the secretary of state, together with a fee of five dollars ($5.00), and was thereafter returned unclaimed by the post office department, and such affidavit, together with the returned envelope including said summons, shall be considered sufficient service upon such defendant...."

Plaintiff concedes in his brief that he did not strictly comply with the statute due to his failure to prepare an affidavit and attach it to the original process along with the returned envelope. However, he submits that the affidavit the Secretary of State filed in accordance with T.R. 4.10 made such acts unnecessary. Although T.R. 4.10 provides the general procedure for service upon the Secretary of State, IND.CODE § 9–3–2–1 relates to the specific situation in the case at hand (service on nonresident motor vehicle operators). A statute dealing with a subject in a specific manner controls over a statute dealing with the same subject in general terms when the two conflict. *Wayne Tp. of Allen County v. Hunnicutt* (1990), Ind.App., 549 N.E.2d 1051, 1053. Because plaintiff failed to strictly comply with IND.CODE § 9–3–2–1, service was insufficient, and the judgment of the trial court is void for lack of personal jurisdiction.

Reversed and remanded with instructions to set aside the default judgment.

STATON, J., concurs.

BAKER, J., concurs in result with opinion.

BAKER, Judge, concurring in result.

The language of IND.CODE 9–3–2–1 leads me to concur in the result reached by the majority, but for a different reason. IND.CODE 9–3–2–1 provides that the notice of service and a copy of the process, sent by registered mail, are to be returned to the plaintiff by the Secretary of State when "the defendant *refuses* to accept or claim such registered mail. . . ." (emphasis added). Thus, the "unclaimed" summons can serve as sufficient process only if the defendant refuses to accept or claim the registered mail.

When interpreting the language of a statute, words and phrases are to be given their plain, ordinary, and usual meaning. *Dishman v. Hill* (1990), Ind.App., 561 N.E.2d 498, n. 2. Indiana courts have not yet had the occasion to define "unclaimed" in this situation, although the courts in New York have done so. Faced with a similar non-resident motorist service of process statute,[1] a New York court determined:

> [T]he Legislature intended "unclaimed" to cover that situation where the defendant was notified that he had a letter at the Post Office and he does not claim it, and "notation of refusal" to cover both the "unclaimed" letter and the situation where the letter itself is actually refused by the defendant or his agent. In either case the defendant has had notice of the letter.

*LaVallee v. Peer* (1980), 104 Misc.2d 943, 429 N.Y.S.2d 383, 385, *aff'd*, 80 A.D.2d 992, 441 N.Y.S.2d 435. It appears to me from the plain language of Indiana's statute that our legislature had a similar intent, and thus IND.CODE 9–3–2–1 requires that the defendant be notified by the United States Postal Service and refuse to pick up the registered mail before there can be sufficient service of process under this branch of the statute. Our supreme court has recently addressed this issue with respect to a statute similar to the one in this case. *Shotwell v. Cliff Hagan Ribeye Franchise, Inc.* (1991), 572 N.E.2d 487. In *Shotwell*,

the court held registered mail returned marked "Return to Sender Forward Order Expired" and "Moved Not Forwardable" was insufficient service under the statute which required a return receipt showing delivery and acceptance, or upon the refusal of the acceptance, a return receipt noting such refusal. "[T]he return receipts reveal that there was neither acceptance nor rejection of the suit papers. Therefore, by the express terms of the statute, service was not accomplished." *Id.*, at 489.

Because there is no evidence the defendant was ever actually notified by the Postal Service of her registered letter, she did not "refuse" service as anticipated by the statute. For this reason, I concur in the majority's determination that the default judgment must be set aside.

---

1. N.Y. Vehicle and Traffic Law § 253 (McKinney 1986).