Linda DISHMAN, Appellant
(Plaintiff Below),

v.

Vera Jean HILL, Appellee
(Defendant Below).

No. 68S01–9109–CV–758.

Supreme Court of Indiana.

Sept. 26, 1991.

J. Alton Taylor, New Castle, for appellant.

John E. Tanner, Winchester, for appellee.

SHEPARD, Chief Justice.

In an action under Indiana Code § 28-2-8-1 to collect on a check for which payment was stopped, what constitutes "valid legal cause" for the order to stop payment such as to permit the maker to avoid interest and attorney fees? We hold that "valid legal cause" means a defense held legally adequate by the trial court hearing the trial of the action.

This litigation arose after appellee Vera Jean Hill purchased a used automobile from Linda Dishman on Saturday, August

5, 1989. Hill paid for the car with a personal check for $550. The car was sold without a warranty, or "as is." Neither Hill nor Dishman is in the automobile business.

Hill began to have problems with the car immediately after purchasing it. The car stalled and had to be pushed home. A mechanic picked up the car from Hill's home on August 8th. He charged the battery, installed a new fuel pump, and gave Hill an estimate of the cost to put the car in running order. The estimate amounted to over $300, while the bill for the repairs was $65.

Hill called Dishman to express her dissatisfaction with the car. Dishman's husband thought there might be a problem with the carburetor and offered to help fix it. Hill refused; she wanted to return the car. The Dishmans did not want the car, so Hill stopped payment on her $550 check on Wednesday, August 9th. Hill declined to pay the check despite several requests from the Dishmans.

Dishman then commenced this small claims action to recover the amount of the check, interest, costs, attorney fees, and damages under Indiana Code § 28–2–8–1 (West Supp.1990). In response, Hill filed a counterclaim asking for rescission of the contract; she claimed that Dishman represented that the car was in good working order. After a trial on the merits, the trial court held that Hill was not entitled to rescission, and that Dishman was therefore entitled to collect the $550 sale price. The court held that Hill's effort to rescind, however, was "valid legal cause" for stopping payment on the check. Pursuant to this conclusion, the court limited recovery to $550.

Dishman appealed, seeking attorney fees and other damages under Indiana Code § 28–2–8–1. A divided Court of Appeals affirmed, holding that Hill's belief in her right to rescind was reasonable and therefore constituted valid legal cause to stop payment. *Dishman v. Hill* (1990), Ind. App., 561 N.E.2d 498. We grant transfer.

The statute applicable to this case, Indiana Code § 28–2–8–1, defines the liability of a person who "having executed and delivered to another person a check or draft drawn on or payable at a financial institution," stops payment on that check or draft "without valid legal cause shown." Unless there is valid legal cause to stop payment, the payor is liable for the amount of the check, plus interest, attorney fees, and other costs of collection. Ind.Code § 28–2–8–1. At issue in this appeal is the definition of valid legal cause.

Appellee Hill's position has been the same as the conclusion reached by the Court of Appeals, that "valid legal cause" is an objective concept to be determined by what a reasonable person would think was a valid legal cause. Appellant Dishman maintains that Judge Shields offered the proper definition of "valid legal cause" in her dissent: "a recognizable defense successfully presented at the action initiated to recover on the check." *Dishman*, 561 N.E.2d at 501 (Shields, J., dissenting). Judge Shields' dissent cites the similar conclusion reached in *Stoutco, Inc. v. AMMA, Inc.*, 620 F.Supp. 657 (N.D.Ind.1985). In *Stoutco*, the federal district court found that a "determination of 'valid legal cause' in the context of this statute must be done on an objective basis." *Stoutco*, 620 F.Supp. at 661. It determined that in order to avoid liability under Indiana Code § 28–2–8–1, the drawer must show he had a legal right to stop payment on the check. *Id.* We think the interpretation of Judge Shields and of the district court is persuasive.

In enacting Indiana Code § 28–2–8–1, the legislature afforded payees with a number of benefits, such as entitlement to attorney fees and collection costs, which they did not enjoy under previous law. Adding these tools of collection suggests that the General Assembly's objective was to promote the regular processing of checks and deter bad faith stop payment orders. The definition set forth in Judge Shields' dissent fulfills this statutory policy by imposing costs on those who stop payment without any reason which the law recognizes as valid. The test set forth by the majority in *Dishman* permits payors to avoid the statute by

claiming legally invalid defenses. The standard proposed by Judge Shields and used in *Stoutco* better reflects the statutory policy of ensuring the regular processing of checks.

The majority in *Dishman* cited concerns over needless litigation and unpredictable outcomes, saying that persons who stop payment would have to file a counterclaim or pay the check and institute a separate action. The Court of Appeals stated that "[s]uch a requirement would lead to an expensive and needless increase in litigation, and deter people in the daily course of commerce from taking reasonable steps to protect their interests." *Dishman*, 561 N.E.2d at 500–01 (footnote omitted). In fact, the approach used by the majority of the Court of Appeals is unpredictable to both parties because it involves a factual determination rather than a question of law. If the legislature had intended to permit avoidance of its statute on such grounds, we would expect a phrase like "without cause" or "without good cause." We are inclined to agree with Judge Shields that the meaning of "valid legal cause" is pretty plain.

We hold that in order to avoid the penalties outlined in Indiana Code § 28–2–8–1, the maker must successfully present a recognized legal defense at the trial instituted to collect on the check.

The judgment of the trial court is reversed in part. We remand with instructions to grant appellant Dishman interest and attorney fees in accordance with Indiana Code § 28–2–8–1.

GIVAN and DICKSON, JJ., concur.

DeBRULER, J., dissents with opinion in which KRAHULIK, J., joins.

DeBRULER, Justice, dissenting.

I respectfully dissent. The stop payment provisions of this statute are aimed primarily at the situation, like the one in the case at bar, in which an average consumer makes and delivers a check to pay for a piece of merchandise, thereafter finds fault with the merchandise, and is motivated by the discovery to stop payment on the check.

The item paid for is often, like the car here, a complex mechanical or electrical device, and beyond the ability of the average individual to fully understand. To construe the phrase "valid legal cause" to require a successfully prosecuted legal defense to a later suit on the check is to burden the average prudent person with hiring a lawyer and an expert and getting their opinions before stopping payment. I think this is a greater burden than required by the statute. In the context of the purpose of this statute and in the context of all of the words in the statute, the words "valid legal cause" mean no more than having knowledge of facts which would lead a person of reasonable caution to form in good faith the belief that the merchandise is defective, i.e., a type of probable cause. This is the type of judgment which those at whom the statute is aimed can reasonably make.

KRAHULIK, J., concurs.