## VAN VOAST v. CUSHING et al.

(Supreme Court, Appellate Division, Third Department. July 6, 1898.)

1. FORECLOSURE—REFERENCE—VACATING CONFIRMATION—RECONSIDERATION.

     By Code Civ. Proc. § 724, a court of record may relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; and by section 783 the court is authorized, on good cause shown, to relieve against a failure to plead or take other proceeding in an action. *Held*, to authorize a special term to set aside an order confirming a referee's report in a foreclosure, and permit the moving party to be heard thereon, and to file exceptions thereto nunc pro tunc, where the moving party's attorney was misled by opposite counsel to believe it was unnecessary to file exceptions to the report, and where no notice to confirm was served, and he intended in good faith to oppose the confirmation.

2. SAME—RULES OF COURT—NOTICE.

     Sup. Ct. Rule 64, relating to surplus money in foreclosure proceedings, provides that, where a reference is had, every party who has appeared in the cause or filed notice of a claim to such surplus money shall be entitled to notice thereof, and to all legal proceedings relative to such surplus. *Held* to require notice of every application in relation to distribution of the surplus, including a motion for an order to confirm a referee's report.

3. SAME.

     Since Sup. Ct. Rule 64, specially intended to regulate proceedings in mortgage foreclosures, provides that a notice shall be made of a motion to

confirm a referee's report relating to the surplus, though no exceptions are filed, rule 30, relating to referee's reports in general, providing that notice of a motion to confirm need not be given where no exceptions are filed to a referee's report, would not prevail against it.

Appeal from special term.

Suit by James A. Van Voast, as executor, etc., against Thomas F. Cushing and others, to foreclose a mortgage. A reference was made to ascertain the amount of a surplus due to several claimants, and the priorities of their liens. From an order vacating a confirmation of the report, and from an order denying a motion for a reargument or modification of the order vacating confirmation, claimant Garrett S. Veeder appeals. Affirmed.

The above-entitled action was one for the foreclosure of a mortgage. After the sale and payment of the mortgage and costs, there was a surplus to the amount of about $1,363.07, for which there were several claimants. An order of reference was made to ascertain and report the amount of such surplus due to the several claimants, and to ascertain the priorities of the several liens on such surplus. Upon such hearing, Gilbert Brougham, Catherine A. Furman, Thomas F. Cushing, Joanna G. Cushing, and Garrett S. Veeder appeared, by attorneys, as claimants to such surplus money. Catherine A. Furman was a defendant in the action for foreclosure, and had appeared therein. The referee made his report, which was filed in the office of the county clerk of Schenectady county, on the 29th day of January, 1898; and the attorney for Gilbert Brougham, who took up the report, gave notice of the making and filing of such report to the attorneys of the other claimants of such surplus money. No exceptions were filed to such report, and on the 14th day of February, 1898, the attorney for Gilbert Brougham, without giving any notice to any of the claimants or parties who had appeared in such action, took an order confirming such report, and for a distribution of the surplus money, as provided for in such report. Such order was entered upon the same day, and the amounts found due by such referee to the several claimants, and ordered to be paid to them by such order of confirmation, were paid to the attorneys of said several claimants, with the exception of Catherine A. Furman. On the 26th day of February, 1898, upon the affidavit of the attorney for Catherine A. Furman, and the affidavits of divers other persons, showing, among other things, that such attorney believed, and was also advised by counsel whom he had consulted, that it was unnecessary to file exceptions to such report; that he expected to receive notice of the motion for confirmation of such report; and that he intended in good faith to oppose the confirmation thereof, believing and having advised his client that she was entitled to the whole of such surplus money. The special term made an order vacating and setting aside the order confirming the report of said referee, and ordering and directing the payment into court of the various sums of money that had been paid to and received by the attorneys for such various claimants, and allowing Catherine A. Furman to file exceptions to the report of said referee, with the same force and effect as if such exceptions had been filed within eight days after January 28, 1898. Thereafter the appellant made a motion at a special term for a reargument of the motion, setting aside the order confirming the report of the referee, or, if such reargument should not be permitted, for a modification of such order, which motion was denied. And from the order vacating and setting aside the order of February 14th, confirming the referee's report, and from the order denying the motion for a reargument, or for a modification of the order of February 26th, this appeal is taken.

Argued before PARKER, P. J., and HERRICK, PUTNAM, and MERWIN, JJ.

Edwin C. Angle, for appellant G. S. Veeder.

Daniel Naylon, Jr. (Robert J. Landon, of counsel), for respondent Catherine A. Furman.

HERRICK, J. The special term had power and authority to vacate and set aside the order confirming the referee's report, and permit the moving party to come in to be heard thereon, and also had power to grant an order permitting her to file exceptions to the referee's report nunc pro tunc. Sections 724, 783, Code Civ. Proc. Vanderbilt v. Schreyer, 81 N. Y. 646; Ladd v. Stevenson, 112 N. Y. 325, 19 N. E. 842. The practice in relation to determining who are entitled to surplus money, arising from foreclosure proceedings, is regulated by rule 64 of the general rules of practice of the supreme court. That rule is intended to provide a summary and inexpensive method of determining the rights of conflicting claimants to surplus money, and applies to only one class of proceedings. Rule 30 is a general rule, with the exceptions of references for the trial of issues in an action, or computing the amounts due in foreclosure cases. And, where the provisions of a rule general in its terms and those applying to a special kind of proceedings come into conflict, the latter must prevail as to those proceedings which it is intended especially to regulate and govern. Under rule 30, if no exceptions are filed to the referee's report, no notice need be given; while under rule 64 it is especially provided that every party who has appeared in the cause, or who shall have filed notice of a claim to such surplus money with the clerk, shall be entitled to notice to attend upon such reference, and to all legal proceedings relative to such surplus. That I construe to mean notice of every application that it is necessary to be made to the court in relation to the distribution of the surplus.

The respondent was a party to the action, and had appeared therein, and was also a claimant, and was therefore entitled to notice of the application to the court for a confirmation of the referee's report, and for the distribution of the surplus money; and, not having received such notice, it was eminently proper that the order confirming the report should be vacated, in order that she might be heard in reference thereto.

It is claimed that the order directing the payment into court of the moneys received by the several attorneys in the order of distribution will work a hardship to the attorney who paid the reference fees in taking up the report. It is to be assumed the special term will provide for the proper adjustment of that in the final order in these proceedings, and there is no necessity for a modification of the order in that respect now.

I can see no abuse of discretion by the special term in making the orders appealed from, and they should be affirmed, with $10 costs and disbursements of this appeal. All concur.