Herbert A. Posner, J.
There was a time when the successful practice of law meant being knowledgeable and capable of taking advantage of every available procedural device to secure a judgment even though the action was without merit. Fortunately, the prevailing view today is for "substance” over "form”. The present day bible of procedural law, the CPLR, spells this philosophy out in the very beginning of the act. CPLR 104 states "The civil practice law and rules shall be liberally construed to secure the just, speedy, and inexpensive determination of every civil judicial proceeding”. (Emphasis supplied.)
Plaintiff delivered fuel oil three times to an apartment house in The Bronx located at 502-508 Claremont Parkway. Plaintiff brought this suit against 502-508 Claremont Parkway Realty Corp., Clarence Morris (sole stockholder and guarantor for the corporation’s debts), OCR Realty Corp., and Oscar Morris (Clarence’s father and the founder of OCR Realty Corp.). Both corporations had defaulted by not answering the complaint. In a pretrial conference, Clarence Morris admitted that he bought oil for his apartment building. He agreed to the entry of a judgment against himself and his corporation. This was not satisfactory to the plaintiff’s attorney, who wanted Oscar Morris and his corporation to be liable on the judgment, too. Unable to settle the matter, the court gave the parties 10 minutes to prepare for trial. During this interval, unbeknown to the court, plaintiff’s attorney went to the judgment clerk’s office and entered a default judgment against both corporations.
Even though the corporate defendants did not appear, the court treated that portion of the trial which affected them as an inquest. Based upon all the evidence, the court found that Clarence Morris and 502-508 Claremont Parkway Realty Corp. were liable in the amount of $1,584.38. There was no prima facie case against Oscar Morris and OCR Realty Corp. When the court announced its decision off the Bench, plaintiff’s attorney protested that he had entered a default judgment *715 against OCR Realty Corp.; and therefore, he had considered the trial to be only against the individual defendants. The court informed him that there had been no motion to sever the action against the corporations, and, therefore it had treated the action against the corporations as an inquest. The court offered to continue the trial at a later date if the plaintiff wished to introduce any additional evidence that might make OCR Realty Corp. liable. He refused and requested an opportunity to submit a brief to show that the court did not have the power to dismiss the case against OCR Realty Corp. on the merits. As soon as all parties had left the courtroom, the court, sua sponte, went to the judgment clerk’s office and vacated the default judgment, which had been entered.
In his memorandum of law, plaintiff’s attorney contends: (1) that since this was an action for a sum certain, he had a statutory right to enter a default judgment under CPLR 3215, section 1402 of the New York City Civil Court Act and rule 2900.18 of the Rules of the Civil Court; (2) that, therefore, the court did not have the power to take an inquest; and (3) that, even if the court had the power to take an inquest, the court could only inquire as to damages and not as to liability. Of the three contentions, plaintiff’s attorney is correct on his first contention and incorrect on (2) and (3).
While it is true that a party has a right to enter a default judgment pursuant to CPLR 3215, the court has always had the inherent power to vacate, set aside or modify its judgments in the interests of justice. (Matter of City of Buffalo, 78 NY 362, 370; Matter of Automatic Chain Co., 134 App Div 863, affd 198 NY 618.) This power is not dependent upon any statutory provision, but grows out of the control the court has over the proceedings pending therein. (Vanderbilt v Schreyer, 81 NY 646; Van Voast v Cushing, 32 App Div 116.) Without in any way limiting such power, CPLR 5015 provides a mechanism for the court to give relief from a judgment upon the motion of a party. It does not prohibit the court from exercising its inherent power sua sponte. (2 Carmody-Wait 2d, NY Prac, p 147.)
Now, as to whether a court has the power to conduct an inquest where the default is for a sum certain, let us examine CPLR 3215. CPLR 3215 deals with default judgments. Subdivision (a) "Default and entry” deals with plaintiff’s right to have the clerk enter a judgment when there is a sum certain. *716 Subdivision (b) "Procedure before court” states: "The court, with or without a jury, may make an assessment or take an account or proof, or may direct a reference.” This language gives the court discretionary power in all defaults. It does not limit the court’s discretion solely to those cases where the default is not for a sum certain. Hence, the court was acting within its statutory and inherent powers when it converted the trial into an inquest against the corporate defendants.
Finally, as to plaintiffs contention that the inquest had to be limited to damages only, since liability was deemed admitted by default, plaintiff cites a Court of Appeals case, McClelland v Climax Hosiery Mills (252 NY 347, 351-352). In this case, the trial court permitted the defendant (who appeared at the inquest) to introduce evidence defeating liability. When the Court of Appeals reversed the lower court, it said on page 351 of its decision that at that point of the hearing the inquest was strictly for the purpose of "testimony upon the question of damages, not for the purpose of defeating the plaintiffs cause of action in total, because he has admitted the cause of action by failing to answer and plaintiff is entitled, in any event, to nominal damages.” What plaintiffs attorney "conveniently” omitted from the brief was what the Court of Appeals said on page 350 of the decision, namely, "the parties appeared and the plaintiff established a prima facie case.” (Emphasis supplied.)
While it is true that a defaulting defendant cannot rebut liability at any time, unless he opens up the default under CPLR 5015 and shows excusable neglect (United Industrial Corp. v Schreiber, 51 AD2d 688; Bouxsein v Bialo, 35 AD2d 523); nevertheless, at an inquest, the plaintiff must prove he has a prima facie case. This is elemental to any system of justice. In this case, there was not one scintilla of competent evidence making OCR Realty Corp. liable for the oil delivered to 502-508 Claremont Parkway, Bronx, New York.
In view of the manner in which justice was almost circumvented by plaintiffs attorney, this court awards judgment against Clarence Morris and 502-508 Claremont Parkway Realty Corp. without interest and without costs.