■ BELINDA BINGHAM, by Her Father and Natural Guardian, CHARLES BINGHAM, et al., Respondents, v RYDER TRUCK RENTAL, INC., et al., Defendants, and WAYNE PEREDOE, Appellant. (And

Other Actions.)

Following an accident in December 1979 in Queens County, plaintiffs Belinda and Charles Bingham and Allegra Warren attempted service on the nonresident operator defendant Wayne Peredoe pursuant to Vehicle and Traffic Law § 253. The Binghams' process was returned marked "Addressee Moved — No Forwarding Address". Warren's process was accepted seven months later at the same address by one other than Peredoe. Answers were interposed on behalf of Peredoe by the attorneys representing his employer and codefendant, Ryder Truck Rental, Inc., wherein the affirmative defenses of lack of personal jurisdiction were raised. A traverse hearing was held, and resulted in an order dated April 19, 1984 (Buschmann, J.), which struck Peredoe's affirmative defenses of lack of personal jurisdiction from his answers, and declared that the court had obtained personal jurisdiction over Peredoe in the Bingham and Warren actions. Peredoe's motion to reargue was granted, and the court adhered to its original determination in an order dated October 15, 1984 (Buschmann, J.).

Jurisdiction was not obtained over Peredoe in the Binghams' action. Vehicle and Traffic Law § 253 contemplates only three results of the mailing of process to a defendant which are

sufficient to confer jurisdiction. Return of the process marked "Addressee Moved — No Forwarding Address" is not among them. The relief afforded by section 253 is in derogation of the common law and should be strictly construed (*Haughey v Mineola Garage*, 174 Misc 332; *Kornfeld v Hurwitz*, 178 Misc 216). Moreover, it is settled that the burden of investigating and determining a defendant's correct address is on the plaintiff (*Yarusso v Arbotowicz*, 41 NY2d 516). Further, the fact that Warren's process was accepted at the same address seven months later by a person other than Peredoe does not provide a sufficient basis for the Binghams' argument that such acceptance proves that Peredoe refused delivery deliberately.

On the other hand, jurisdiction was obtained over Peredoe in Warren's action. As mentioned above, Vehicle and Traffic Law § 253 presumes receipt by a defendant where a signed return receipt is obtained by the post office. Peredoe's argument that a signature of one other than him is insufficient is without merit (*Shushereba v Ames*, 255 NY 490). He had an opportunity at the traverse hearing to rebut the presumption of receipt, but failed to make any evidentiary showing on that issue. O'Connor, J. P., Weinstein, Brown and Kunzeman, JJ., concur.