*328 OPINION OF THE COURT
Harry Richard Brown, J.
This is a motion by plaintiffs Charles Harrington and Jinefer Harrington, for an order granting them a default judgment against the defendants Victory Trucking Co. and Victory Trucking Co., Inc., and placing this case on the inquest calendar for an assessment of damages. Defendants Victory cross-move for an order denying plaintiffs’ motion in all respects and holding that service upon defendant Victory was incomplete and invalid, or in the alternative, permitting defendant Victory to serve an answer.
On May 4, 1984, a collision occurred between plaintiffs’ truck and defendants Victory’s truck at the intersection of Old Whitman Road and South Service Road in the Town of Huntington, County of Suffolk, and State of New York. Charles Harrington, the plaintiff, was the driver of a 1979 Mack truck registered in New York to Jamaica Ash and Removal Corp., Westbury, New York. Johnny Graham, the defendant driver, was operating a 1967 flat bed Mack truck registered in New Jersey to defendants Victory. Plaintiff Charles Harrington was driving his truck northbound on Walt Whitman Road, while defendant Johnny Graham was traveling eastbound on the south service road of the Long Island Expressway, when both trucks collided at this intersection. Plaintiff, who sustained personal injuries, seeks now to recover damages, along with his wife who seeks damages for loss of services (note — a passenger in plaintiff’s truck was killed in this accident, but is not involved with this case).
Plaintiffs allege that the driver Graham and defendants Victory were, inter alia, negligent in the operation, management and control of their 1969 Mack truck for allowing it to be operated on public roadways with defective brakes and worn tires in violation of Vehicle and Traffic Law § 375 (35) (c), and for knowingly permitting defendant driver Graham, who had a suspended license, to operate their truck in violation of Vehicle and Traffic Law § 511 (1). Defendants Victory contend in the cross motion that the accident was a result of a sudden loss of pressure in its air brakes and that defendant Graham used all possible means to avoid an accident but such effort was futile.
In support of its motion seeking a default judgment, plaintiffs state that they have complied with the requirements of section 253 of the Vehicle and Traffic Law which provides the *329 mechanism for serving process on nonresidents who operate motor vehicles in this State. Because there was no answer nor appearance by defendants Victory, they now request that the court grant a default judgment against defendants Victory. In defendants Victory’s cross motion, they state that they were never aware of any suit instituted against them. Defendants point out that plaintiffs’ present notice of motion, which was provided to defendants Victory’s insurer in October of 1984, was the first time they became aware of the action pending against them.
Section 253 of the Vehicle and Traffic Law provides in pertinent part that: "[t]he plaintiff shall file with the clerk * * * if acceptance was refused by the defendant or his agent, the original envelope bearing a notation by the postal authorities that receipt was refused, and an affidavit by or on behalf of the plaintiff that notice of such mailing and refusal was forthwith sent to the defendant by ordinary mail; or, if the registered or certified letter was returned to the post office unclaimed, the original envelope bearing a notation by the postal authorities of such mailing and return, an affidavit by or on behalf of the plaintiff that the summons was posted again by ordinary mail and proof of mailing certificate of ordinary mail. * * * Service of process shall be complete when such papers are filed.”
Plaintiffs’ notice of motion for a default judgment against the defendants Victory shows that a summons and endorsed complaint was served on the Secretary of State, accompanied by the appropriate fee. A copy of the summons and complaint and notice of filing was sent to defendants Victory in New Jersey by registered mail, return receipt requested. However, the original envelope containing the summons and complaint, which was sent to Victory, was returned by the postal authorities marked "returned to sender — forwarding time expired.” This envelope was filed with the clerk of the court.
The question to be determined is whether the filing of the envelope marked "returned to sender — forwarding time expired” complies with the requirements of section 253 of the Vehicle and Traffic Law. Defendants’ counsel argues that this marking "returned to sender — forwarding time expired” does not carry the same effect as an envelope marked "unclaimed” or "refused delivery”. These last two types of markings would carry the presumptive effect that the refusal was made by a defendant or his agent and, therefore, satisfy the provisions for service and be a prerequisite to jurisdiction.
*330 In this court’s opinion, plaintiffs’ service upon defendants Victory was defective. Plaintiffs’ counsel relies solely on section 253 of the Vehicle and Traffic Law in attempting to obtain jurisdiction over the nonresident defendants. "The relief afforded by section 253 is in derogation of the common law and should be strictly construed” (Bingham v Ryder Truck Rental, 110 AD2d 867, 869). Section 253 of the Vehicle and Traffic Law was enacted to govern service of process on nonresident defendant motorists. The effect of this section is to make sure that a defendant receives actual notice of an action to be commenced against him. Unless the failure to receive such notice is a result of the defendant’s own actions, service upon a defendant in accordance with the statute confers jurisdiction upon the court. Plaintiffs make no allegations that defendants Victory tried to avoid service of process by moving to a new location without leaving a forwarding address. However, plaintiffs’ attempts to notify defendants of this action failed to comply with the statute requirements.
In the 1985 case of Bingham v Ryder Truck Rental (110 AD2d 867, 868-869, supra), the Appellate Division held that, "Vehicle and Traffic Law § 253 contemplates only three results of the mailing of process to a defendant which are sufficient to confer jurisdiction * * * [and rjeturn of the process marked 'Addressee Moved — No ¡Forwarding Address’ is not among them.” The three situations that are mentioned in section 253 of the Vehicle and Traffic Law that will confer jurisdiction on the court is when the plaintiff files with the clerk of the court an affidavit of compliance with a copy of the summons and complaint and either: (á) a return receipt purporting to be signed by the defendant or a person qualified to receive his certified mail or registered mail, or (b) if acceptance was refused by the defendant or his agent, the original envelope bearing a notation by the postal authorities that receipt was refused and an affidavit by or on behalf of the plaintiff that notice of such mailing and refusal was further sent to the defendant by ordinary mail, or (c) if the registered or certified letter was returned to the post office unclaimed, the original envelope bearing a notation by the postal authorities of such mailing and return, an affidavit by or on behalf of the plaintiff that the summons was posted again by ordinary mail and proof of mailing certificate of ordinary mail. Under these three situations there is a presumption that either the defendant received the certified or registered mail or that the refusal was by the defendant or his agent.
*331 In La Vallee v Peer (104 Misc 2d 943, 946, affd 80 AD2d 992), the court held that defendant’s first letter marked "Moved, left no address” and defendant’s second letter marked " 'address unknown’ imply no notice to the defendants” and, therefore, there was not effective service under section 253, so it dismissed the action. The court in La Vallee v Peer also elaborated that effective service can occur when a registered letter is returned to the post office either "unclaimed” or "notation of refusal”. The word "unclaimed” was intended to cover that situation where defendant was notified that he had a letter at the post office and did not claim it and "notation of refusal” was intended to cover both the "unclaimed” letter and the situation where the letter itself is actually refused by defendant or his agent. In either case, defendant has had notice of the letter. In our present situation, the two envelopes were marked "returned to sender— forwarding time expired”. This notation does not indicate that the defendants Victory either refused the letter personally or through their agents or that defendants Victory were notified of a letter for them at the post office and refused to claim it. The notation "returned to sender — forwarding time expired” is almost, if not equivalent to, "moved left no address”, "address unknown” or "insufficient address”. In either situation, these notations are insufficient to give notice to defendants that an action is to be commenced against them. Furthermore, as noted previously, the plaintiffs do not allege that defendants Victory attempted to avoid service of the summons and complaint by moving to a new location without leaving a forwarding address.
This accident occurred May 4, 1984. Plaintiff finally filed an affidavit of compliance along with the summons and complaint together with the two envelopes addressed to defendants Victory which were marked "returned to sender — forwarding time expired” with the County Clerk of Suffolk County on or about April 9, 1987. There is a three-year interval between the date of the accident and the filing of the necessary papers with the County Clerk. It is not inconceivable that during this interim period defendants Victory moved their business to a new location. Plaintiffs’ reliance on the address contained in the May 4, 1984 police accident report is neither reasonable nor appropriate. There is no indication here whether plaintiffs made any effort to locate defendants Victory’s new address after plaintiffs received back the two letters marked "returned to sender — forwarding time expired”. It is settled that the *332 burden of investigating and determining a defendant’s correct address is on the plaintiff (Yarusso v Arbotowicz, 41 NY2d 516; Bingham v Ryder Truck Rental, 110 AD2d 867, supra). The court is not convinced that plaintiffs’ counsel made more than a minimal effort in ascertaining defendants Victory’s new address upon receipt of the envelopes marked "returned to sender — forwarding time expired”. Plaintiffs at the very least could have moved the court for an order directing a method of service upon defendants.
Under these circumstances, the method of service employed by plaintiffs’ counsel did not comply with section 253 of the Vehicle and Traffic Law, and was not reasonably calculated to give defendants Victory notice of any action sought to be commenced against them by plaintiffs. Because service by the plaintiffs was defective herein, plaintiffs’ invalid filing with the County Clerk does not confer jurisdiction upon the court.
Accordingly, plaintiffs’ motion for a default judgment is denied and defendants Victory’s cross motion for an order dismissing the complaint is granted.