OPINION OF THE COURT
David Friedman, J.
This action against a New Jersey resident was commenced under the service provisions of Vehicle and Traffic Law § 253. Subdivision (2) of such law provides that when suing a nonresident of New York service of process may be effectuated by serving the Secretary of State and complying with the follow *1043 ing additional steps: "[S]ervice shall be sufficient * * * upon [a] non-resident provided that notice of such service and a copy of the summons and complaint are forthwith sent by or on behalf of the plaintiff to the defendant by certified mail or registered mail with return receipt requested. The plaintiff shall file with the clerk of the court in which the action is pending, or with the judge or justice of such court in case there be no clerk, an affidavit of compliance herewith, a copy of the summons and complaint, and either a return receipt purporting to be signed by the defendant or a person qualified to receive his certified mail or registered mail, in accordance with the rules and customs of the post-office department; or, if acceptance was refused by the defendant or his agent, the original envelope bearing a notation by the postal authorities that receipt was refused, and an affidavit by or on behalf of the plaintiff that notice of such mailing and refusal was forthwith sent to the defendant by ordinary mail; or, if the registered or certified letter was returned to the post office unclaimed, the original envelope bearing a notation by the postal authorities of such mailing and return, an affidavit by or on behalf of the plaintiff that the summons was posted again by ordinary mail and proof of mailing certificate of ordinary mail. * * * The foregoing papers shall be filed within thirty days after the return receipt or other official proof of delivery or the original envelope bearing a notation of refusal, as the case may be, is received by the plaintiff. Service of process shall be complete when such papers are filed.”
Seeking to comply with these requirements plaintiff served the Secretary of State with a summons and complaint and then mailed a copy of same to defendant by certified mail return receipt requested. This envelope was eventually returned to plaintiff with the notation "Moved, forwarding time expired”. An affidavit setting forth these facts was filed with the court and plaintiff made no further efforts to serve defendant (although subsequently plaintiff’s attorney wrote to defendant at an address other than the one at which service was attempted).
Defendant never responded to the service of process. The matter is now before the court by virtue of a motion brought on by plaintiff seeking an order granting it a default judgment against defendant. Defendant has failed to interpose any opposition to this motion. While such failure would usually indicate that the relief requested against defendant should be granted my examination of Vehicle and Traffic Law § 253 *1044 leads me to conclude that plaintiff’s action should instead be dismissed.
The initial issue to be considered at bar is the judicial role in the face of defendant’s default to plaintiff’s motion for a default judgment. Consideration of this issue must begin with CPLR 3215 (e) which states, "(e) Proof. On any application for judgment by default, the applicant shall file proof of service of the summons and the complaint”.
Further elucidation on the judicial role where there is no opposition to a request for relief is provided in Rivera v Laporte (120 Misc 2d 733, 735) where the court stated, "The submission of a motion on default does not impose upon the court a ministerial duty to grant whatever relief is demanded. Lack of opposition does not deprive the court of the duty to exercise its inherent discretion. (See 4 Weinstein-Korn-Miller, NY Civ Prac, par 3215.09 [Dec. 1982 Supp]; Howard Oil Co. v Morris, 90 Misc 2d 713.) The court’s responsibility to assure that justice is done is not qualitatively different on a default than it is on a fully litigated motion. Thus, if * * * jurisdiction is absent, the moving party cannot presume entitlement to requested relief, even on default. (See Kahn v Friedlander, 90 AD2d 868.)” Moreover the inherent discretion referred to in Rivera may and should be exercised even sua sponte (see, Howard Oil Co. v Morris, supra, at 715).
Thus I conclude that notwithstanding defendant’s default on this motion, the court is required to independently verify that plaintiff has acquired jurisdiction over defendant. This of course necessitates determining whether plaintiff has complied with Vehicle and Traffic Law § 253.
The exact situation which occurred with the mail in the instant case, namely, return of the envelope with the notation "Moved, forwarding time expired” is not discussed in Vehicle and Traffic Law § 253. Under section 253 if the certified mailing is returned as "refused” or "unclaimed” there is no question that service may still be completed. Even there, however, a plaintiff needs to follow the incompleted certified mailing with an ordinary mailing to defendant. Hence if the return of the envelope with the notation "Moved, forwarding time expired” was deemed equivalent to "refused” or "unclaimed” all of the steps required by section 253 would still not have been completed. More significantly "Moved, forwarding time expired” cannot be considered on a par with "refused” or "unclaimed”. In the latter two situations there is *1045 reason to presume that the recipient has become aware that some sort of legal process has been sent to him.
The manner of service provided by Vehicle and Traffic Law § 253 is in derogation of the common law. As a result the parameters of that which is permissible are narrow. Accordingly, where the certified mailing has been returned with the notation "address unknown” or "addressee moved — no forwarding address” or "returned to sender — forwarding time expired” the courts have found that the requirements of section 253 have not been met (Nunez v Nunez, 145 AD2d 347, 348; Bingham v Ryder Truck Rental, 110 AD2d 867, 869; Harrington v Victory Trucking Co., 141 Misc 2d 327).
It follows that plaintiffs service failed for two reasons: (1) the return of the envelope with the notation of "Moved, forwarding time expired” indicates that service was not completed under Vehicle and Traffic Law § 253 and (2) even if there had been service there was no ordinary mailing after the return of the certified mailing as required by section 253.
While the cases which establish the inadequacy of plaintiffs service, Nunez (supra), Ryder (supra) and Harrington (supra), do not involve motions for default judgments to which there was no opposition, I, nevertheless, am compelled to follow their holding. The lack of proper service means that jurisdiction over defendant was never acquired and regardless of his default on the current motion the action against him should be dismissed albeit without prejudice to plaintiff.