OPINION OF THE COURT
Victor I. Barron, J.
Plaintiff moves to dismiss defendant’s affirmative defense of lack of jurisdiction on the grounds that it has fully complied with Vehicle and Traffic Law § 253, which confers jurisdiction over nonresident motorists.
Defendant cross-moves to dismiss the complaint on the grounds that service pursuant to Vehicle and Traffic Law § 253 is inapplicable as he was no longer a nonresident motorist at the time of the alleged service of process.
The within action was set down for traverse and final determination of the motions herein.
It is undisputed that at the time of the occurrence which forms the subject of this action, defendant was a resident of Illinois. It is also undisputed that the motor vehicle accident occurred in Brooklyn, New York, on April 18, 1991. In January 1993, defendant moved to New York. Defendant has continually lived in New York since then, and at the time of the alleged service herein he was a resident of New York.
The issues presented to this court are whether Vehicle and Traffic Law § 253 is an appropriate vehicle for conferring personal jurisdiction upon this court in the instant action, and if so, whether plaintiff has complied with the strict confines of that section.
On or about April 14, 1994 plaintiff commenced the within action by service upon the Secretary of State, pursuant to Vehicle and Traffic Law § 253 (1).
It is defendant’s contention that at the time of service herein that he did not designate the Secretary of State as his agent to accept service of process, therefore, service was ineffective to confer jurisdiction. Further, service by mail upon the defendant at his former Illinois address was not reason *766 ably calculated to give him notice of an action commenced against him, and thereby his right to due process has been violated.
Plaintiff maintains that it had the right to rely on the address provided by the defendant at the time of the accident, for the purpose of effectuating service pursuant to Vehicle and Traffic Law § 253.
The first issue before this court is whether valid service could be made upon the defendant pursuant to Vehicle and Traffic Law § 253, the nonresident motorist service provision, after the defendant had become a New York State resident.
Vehicle and Traffic Law § 253, service of summons on nonresidents, in pertinent part provides: "1. The use or operation by a non-resident of a vehicle in this state * * * shall be deemed equivalent to an appointment by such non-resident of the secretary of state to be his true and lawful attorney upon whom may be served the summons in any action against him, growing out of any accident or collision in which such nonresident may be involved while using or operating such vehicle in this state * * * and such use or operation shall be deemed a signification of his agreement that any such summons against him which is so served shall be of the same legal force and validity as if served on him personally within the state and within the territorial jurisdiction of the court from which the summons issues, and that such appointment of the secretary of state shall be irrevocable and binding upon his executor or administrator” (emphasis added).
Pursuant to the statute, the operation of a vehicle in New York by the defendant is deemed an involuntary appointment of the Secretary of State as his agent upon whom service of process may be made "in any action against him, growing out of any accident or collision in which [he] may be involved while using or operating such vehicle in this state”. (Vehicle and Traffic Law § 253 [1].) That appointment of the Secretary of State is not only compulsory but irrevocable. (Maguire v Yellow Taxicab Corp., 253 App Div 249, 253, affd 278 NY 576 [1938].) Logically, it follows that defendant’s address at the time of the accident, and not at the time of service, is controlling. Accordingly, this court finds that service pursuant to Vehicle and Traffic Law § 253 is appropriate.
The next issue is whether plaintiff followed the procedures outlined in the statute for service upon a nonresident motorist.
*767 Vehicle and Traffic Law § 253 affords relief which is in derogation of the common law and, therefore, it should be strictly construed. (See, Bingham v Ryder Truck Rental, 110 AD2d 867 [2d Dept 1985].) The statute was enacted to make sure that a nonresident defendant motorist receives actual notice of an action commenced against him, unless the failure to receive notice is a result of the defendant’s own actions. Only strict compliance with the service requirements of Vehicle and Traffic Law § 253 (2) will confer jurisdiction upon the court.
Vehicle and Traffic Law § 253 (2) specifically contemplates only three circumstances after service on the Secretary of State where mailing will complete service and confer jurisdiction. These circumstances are: (1) where the defendant or his agent actually signs the return receipt; or (2) where the postal authorities return the original envelope marked "refused”; or (3) where the original envelope is returned by the postal authorities marked "unclaimed”.
In the first two instances, the defendant has had actual notice of the letter. In La Vallee v Peer (104 Misc 2d 943, affd 80 AD2d 992 [4th Dept 1981]), the court concluded after analyzing the 1978 amendment to section 253 (L 1978, ch 368), together with the appropriate cases and legislative memoranda, that the Legislature intended the term "unclaimed” to cover that situation where the defendant was notified that he had a letter at the post office and did not claim it.
It is well settled that the burden of investigating and determining a defendant’s correct address is on the plaintiff. (See, Yarusso v Arbotowicz, 41 NY2d 516 [1977]; Bingham v Ryder Truck Rental, 110 AD2d 867 [2d Dept 1985], supra.) Plaintiff mailed the summons and complaint to defendant’s last known address. Once the envelope containing the summons and complaint was returned by the post office marked "unclaimed”, as opposed to "addressee unknown” or "moved, left no forwarding address”, the plaintiff had the right to rely on the presumption created by the statute. Defendant has failed to rebut this presumption of notice.
Section 253 (2) of the Vehicle and Traffic Law sets forth the steps which shall be taken to complete the service on such a nonresident defendant, commenced by service upon the Secretary of State. "Notice of such service and a copy of the summons and complaint must be sent forthwith to the defendant by certified or registered mail, return receipt requested. *768 The plaintiff shall file an affidavit of compliance, a copy of the summons and complaint, and either a signed return receipt or the original envelope with a postal notation that receipt was refused or the letter was returned to the post office unclaimed. In the latter two instances, an affidavit of these circumstances and proof of mailing by ordinary mail must be filed.” (See, Zimmerman v Eisner, 102 AD2d 707, 708 [1st Dept 1984].)
On April 14, 1994 a copy of the summons and complaint was delivered to the Secretary of State at his office together with a fee of $10. On the same date, a copy of the summons and complaint was sent certified mail to the defendant at 6031 No. Central Park, Chicago, Illinois 60659. The envelope was returned by the postal authorities marked "unclaimed” and pursuant to the affidavit of service of the process server on May 24, 1994 the summons and complaint was posted to the defendant at the Chicago address sent ordinary mail with certificate mailing. Plaintiff submits as proof of compliance the process server’s affidavit which states the. "post office certificate of mailing attached herewith.”
Despite the contents of the affidavit, no such certificate of mailing was annexed. No such certificate of mailing could be located upon review of the court file. As further evidence that the certificate of mailing does not exist is the failure of plaintiffs counsel to include same with the moving papers.
Vehicle and Traffic Law § 253 (2) expressly requires the filing of the proof of mailing "by ordinary mail and proof of mailing certificate of ordinary mail”. In the instant situation, in the absence of said proof, this court is constrained to find that it does not have jurisdiction over the defendant. The plaintiff has not complied with the controlling statute.
Accordingly, the motion is denied, the .cross motion is granted and the complaint dismissed.